JOHN SANDERS V. THE STATE.

No. 21795. Delivered December 10, 1941.
Rehearing Denied January 28, 1942.

The opinion states the case.

*Mel Janes,* of Lubbock, for appellant.

*Sam H. Davidson,* County Attorney, of Levelland, and *Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

BEAUCHAMP, Judge.

This appeal is from a fine of $100.00 for violation of the local option law and is from the county court of Hockley County.

There is only one bill of exception in the case, which complains of the testimony of an officer that he had arrested appellant on a previous occasion for violation of the liquor laws. Prior to this testimony, appellant, at the instance of his counsel, had told of having been arrested and kept in jail about twenty

minutes, and said if he signed a bond he did not remember it. Neither did he know what became of his case.

The statement of facts found in the case appears in question and answer form and we are, therefore, unable to give it any consideration. In the absence of this we cannot appraise the value of the bill of exception, but it appears to us that it is perfectly proper for the State to make a full explanation about a matter which was brought out by appellant himself and about which he did not seem to be certain.

We find no error in the record and, consequently, affirm the judgment of the trial court.

### ON MOTION FOR REHEARING.

DAVIDSON, Judge.

The particular offense for which appellant was convicted was the sale of whiskey in a wet area, without a license.

In his motion for rehearing, appellant insists that there was no proof showing that Hockley County was a "wet" area. As pointed out in the original opinion, no statement of facts is before us for consideration; hence, we are unable to apprize appellant's contention. Moreover, under the terms of Art. 666-23, Vernon's Annotated Penal Code, all area of the State is "wet," except that which has been determined to be "dry." Unless the proof shows that the area is "dry," it is by law "wet."

The motion for rehearing is overruled.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.