# JUNE 25, 1943

GOLDIE ANDERSON V. THE STATE.

No. 22508. Delivered May 19, 1943.
Rehearing Denied June 25, 1943.

HAWKINS, Presiding Judge, dissenting on rehearing. The opinion states the case.

*Horace H. Shelton,* of Austin, for appellant.

*Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

BEAUCHAMP, Judge.

Appellant was assessed a jail sentence of forty-five days on a charge of having in her possession liquor for the purpose of sale in a wet area without first obtaining a permit to sell the same.

The house at which this woman lived in Austin was the scene of the search by representatives of the Texas Liquor Control Board on the night of September 13, 1942, which resulted in the finding of more than forty pints of liquor concealed in and at various places in and under the house. The evidence indicates that she was running a public place which was frequented by soldiers who danced with girls who would come there for that purpose, and that they placed in a nickelodeon money for the music from which she derived $50.00 to $53.00 a week.

A negro girl, who spent two or three nights a week in this five-room cottage with her boy friend, testified in her behalf and together the sum of their story is that it was a "gay corner" during 1942, at which the soldier boys had been exceedingly nice to the proprietress, and in return she had decided to give them a party on this particular occasion at which she was going to feed chickens free to her soldier friends, which meal was to be garnished with cocktails sufficient for all comers. (No charge for this either). In order that there would be no embarrassment, the small quantity of liquor found in her larder was to be supplemented, if needed, by about forty pints and half pints, (no quarts) and securely hid away among empty beer bottles under the floor, entered by a door that was padlocked, and "somebody else" had the key when the officers came. Anyway, this ideal situation, ready for operation, was prematurely raided at midnight, and the "southern hospitality" was wasted, though good intentions did abound. The evidence fails to show when supper was to be served. The officers took the wherewithal and were unkind enough to bring it to the court room and there, in the presence of the jury, to the embarrassment of the accused, they analyzed some of the contents and found that it contained forty-four per cent and more of alcohol. This was prejudicial, it was claimed, and so it was. The short imprisonment given by the jury indicates a sympathetic heart but a clear conscience, for it appears that they followed the court's instructions and the overwhelming evidence in the case.

This appeal comes to us ably and seriously presented, but we think the State's contention to more nearly comport with our idea of the law on the facts of the case, which the jury found to be correct.

By Bill of Exception No. 1 the appellant complains of the action of the trial court in overruling her motion to quash the information and complaint on the ground that no offense is charged, and particularly because the complaint and informattion merely charge her with having possession, for the purpose of sale, of "liquor" and do not state "intoxicating liquor" or "whisky," nor does the complaint define the alcoholic contents of the liquor. This is unnecessary under Article 666-3a, Penal Code, which defines "liquor" as meaning any alcoholic beverage containing alcohol in excess of 4% by weight unless otherwise indicated. LaMantia v. State, 113 S. W. (2d) 186.

By Bill of Exception No. 2 appellant complains of the refusal of the trial court to sustain a motion to quash the search warrant because the search warrant merely alleged the possession by appellant of "liquor" and not "intoxicating liquor." It does not appear that any objection was made to the introduction of the evidence obtained as a result of the search warrant. A motion to quash the search warrant is not the proper method of reaching an invalid search warrant. Cothran v. State, 159 S. W. (2d) 876.

By Bill of Exception No. 3 appellant complains because the trial court allowed the State chemist, Mr. Crisp, to use an "ebulio-meter" before the jury to test the alcoholic content of the liquor. The court, in his qualification, states that Mr. Crisp was testifying to the result of his test and objection was made by appellant to such testimony on the ground that the test was made out of the presence of the appellant. It was then that the machine was brought in and the test made over the appellant's objection.

By Bill of Exception No. 5 appellant complains of the action of the trial court in refusing to instruct the jury that the proof of possession of liquor is not sufficient to convict, urging that the State must show, beyond a reasonable doubt, that there was a sale by the defendant. This charge would have been improper. The court's charge sufficiently covered this matter. A sale was proven.

The judgment of the trial court is affirmed.

### ON MOTION FOR REHEARING.

GRAVES, Judge.

Appellant has filed a motion herein in which the contention is made that it is not a violation of the law to possess liquor for

the purpose of sale in a wet area in this State without having a permit to do so, and we are cited to Art. 666-15 P. C., where permits are classified and license taxes fixed therefor, and therein is not found a classification and license charge for a permit to possess liquor for the purpose of sale in a wet area.

The statute under which this prosecution was based, Art. 666-4 (a), Vernon's Ann. Penal Code, reads as follows: "(a) It shall be unlawful for any person to manufacture, distill, brew, sell, possess for the purpose of sale, import into this state, export from the State, transport, distribute, warehouse, store, solicit or take orders for, or for the purpose of sale to bottle, rectify, blend, treat, fortify, mix or process any liquor in any wet area, without first having procured a permit."

It is contended that in this cause, appellant being charged with possessing liquor for the purpose of sale in a wet area without a permit, that no permit being provided for in the possession for the purpose of sale, then that such enactment is unreasonable and void because she could not have obtained such permit to possess for sale purposes.

Art. 666-2, Vernon's Ann. P. C., provides: "This entire Act shall be deemed an exercise of the police power of the State for the protection of the welfare, health, peace, temperance, and safety of the people of this State, and all its provisions shall be liberally construed for the accomplishment of that purpose."

If we were challenged to point out what kind of permit this appellant should have had, without any reference to the Liquor Control Board, whose province it might be to determine such after hearing the facts, our suggestion would be a permit to sell in a wet area, since in the sale of liquor one would necessarily have to be in possession of liquor for purposes of sale before a sale could be made. Surely the law did not intend that a liquor seller should have to be in possession of two permits relative to such sale before a legal sale could be made thereof; that is, that he would have to be in possession of a permit to possess for sale, and also a further permit to sell. It would be a useless thing to say to one that he can sell liquor, but it is against the law to possess it for the purpose of sale, for how could he sell if he possessed nothing for sale, or that you can possess liquor for the purpose of sale, but can not sell because of no permit to sell. The possession for the purpose of sale being but an incident, although a necessary one, to a sale, a permit to sell would necessarily include therein possession for the purposes of such sale.

We hold that the permit mentioned in the above quoted article, so far as the sale and possession for sale are involved, means a permit to sell, and that such permit carries with it the privilege and becomes a permit to possess liquor for the purpose of sale in a wet area.

The motion for a rehearing is overruled.

HAWKINS, Presiding Judge (Dissenting on Motion for Rehearing).

In the motion for rehearing appellant earnestly insists that this court erred in holding that the complaint and information are sufficient to charge an offense against the law. My brethren have concluded the motion should be overruled. I regret that I am not in accord with their views.

Omitting the formal parts of the information, it is charged therein that: "In the County of Travis in the State of Texas, on or about the 13th day of September, A. D., 1942, one Goldie Anderson did then and there unlawfully, have possession of liquor for the purpose of sale in a wet area without first obtaining a permit contrary to the statutes in such cases made and provided and against the peace and dignity of the State."

The article of the statute, Art. 666-4 (a) P. C. under which this prosecution proceeds is as follows: "(a) It shall be unlawful for any person to manufacture, distill, brew, sell, possess for the purpose of sale, import into this state, export from the state, transport, distribute, warehouse, store, solicit or take orders for, or for the purpose of sale to bottle, rectify, blend, treat, fortify, mix or process any liquor in any wet area, without first having procured a permit."

The only reasonable construction which may be given such statute is that an accused is doing the thing charged against him without a permit to do that particular thing; for instance, he is manufacturing without a permit to manufacture, or selling without a permit to sell. So the only reasonable construction which may be given the information here involved is that appellant possessed liquor for the purpose of sale without a permit to so possess it.

No provision is found in the Texas Liquor Control Act (Vernon's Ann. Tex. P. C., Vol. 1) which authorizes the Liquor Control Board to issue, or which requires a person who possesses

liquor in a wet area for the purpose of sale, to obtain a permit to so possess it; nor is there in said Act the amount of fee or tax to be charged for the issuance of a permit to possess liquor in a wet area for the purpose of sale, except a wholesale storage permit when he stores liquor in a public or private warehouse; nor is there any penalty prescribed for the failure to do so. It is true that a person who engages in the sale of liquor in a wet area must have a permit to sell liquor, and the sale of liquor without a permit in a wet area is a violation of the law for which a penalty is prescribed; and the fee for such a permit is also specified in the Texas Liquor Control Act. But the mere possession of liquor in a wet area for the purpose of sale at some time in the future does not require any permit. It is only when he engages in the sale thereof that he is required to have a permit. Consequently, it is not an offense under the Texas Liquor Control Act to possess liquor in a wet area for the purpose of sale without a permit. The gist of the offense lies not in the possession of the liquor for the purpose of sale in a wet area but in the sale thereof, and until a sale of liquor has been made in a wet area without a permit no offense has been committed against the laws of the State. If a conviction is sought because a sale was made, then the complaint and information should so charge. If a person sells liquor in a wet area without first having obtained a permit he has violated the law, but the complaint and information in such a case should so charge the facts to be.

Article 3 of the Penal Code requires, among other things, that "no person shall be punished for any act or omission, unless the same is made a penal offense, and a penalty is affixed thereto by the written law of this State."

I believe the motion for rehearing should be granted, the order of affirmance set aside, the judgment of the trial court should be reversed and the prosecution ordered dismissed.