HORACE DEARMAN V. THE STATE.

No. 22827. Delivered April 19, 1944.
Rehearing Denied May 24, 1944.

The opinion states the case.

*James Ingram*, of Houston, for appellant.

*Ernest S. Goens*, State's Attorney, of Austin, for the State.

DAVIDSON, Judge.

Appellant was convicted of possessing whisky for the purpose of sale in a wet area, without a permit, and his punishment was assessed at 90 days in jail.

In Anderson v. State, 172 S. W. (2d) 310, we held that such was an offense under Art. 666-4, P. C.

An agent of the Texas Liquor Control Board searched appellant's home and found therein a large quantity of wine and whiskey. According to the testimony of said agent, appellant admitted to him that he sold wine and whisky there at his home. Appellant had no license to so sell.

Appellant admitted the possession of the liquors, but contended that he possessed same for his own use and not for the purpose of sale.

The judgment of the trial court is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by a majority of the Court.

GRAVES, Judge.

BEAUCHAMP, Judge.

My views in regard to the question were expressed in a dissenting opinion in Anderson v. State, 172 S. W. (2d) 310, and are adhered to; therefore I dissent in the present case.

HAWKINS, Presiding Judge.

ON MOTION FOR REHEARING.

HAWKINS, Presiding Judge.

Appellant bases his motion for rehearing upon the proposition that the only evidence which sustained the conviction was appellant's statement to the officers that he had been selling wine and whisky; that such statement was an extrajudicial confession which standing alone would not support a conviction. The evidence shows that a witness was present when the officers searched appellant's house and arrested him, and that this witness told the officers in appellant's presence that he had sold the witness a drink of wine for twenty-five cents. It is true that upon the trial appellant denied this, and also denied

admitting sales to the officers, and claimed that he had the liquor for his personal use. The officers found 157 bottles of wine, each containing 4/5 of a quart, and eight 1/2 pint bottles of whisky. The quantity of liquor on hand was enough to cast suspicion upon appellant's claim that he had it for his own personal use, and supported the truthfulness of his admission that he had been selling it.

The motion for rehearing is overruled.

It is not to be understood that in writing this opinion for the court the writer in any way recedes from the views expressed in his dissenting opinion in Anderson v. State, 172 S. W. (2d) 310.