# JUNE 21, 1944

WILLIE ANDERSON V. THE STATE.

No. 22787. Delivered May 17, 1944.
Rehearing Denied June 21, 1944.

HAWKINS, Presiding Judge, dissenting.

The opinion states the case.

*Culwell & Culwell,* of Amarillo, for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

BEAUCHAMP, Judge.

The appeal is from a conviction for the offense of transporting liquor in a wet area without a permit. A fine of $100.00 was assessed.

We understand from the record as emphasized by the brief filed in this case that the question for our consideration is the sufficiency of the complaint and information to charge an offense. Willie Anderson and Robert Dawson were originally charged to-

gether with unlawfully transporting whiskey in a wet area in the city of Amarillo "without first having procured a permit to transport such liquor." The appellant was separately tried and brings this appeal.

Contention is made that in the absence of an averment that she came within one of the classes mentioned in Section 15 of Article 666 P. C., the pleading was fatally defective. In other words, she contends that the State must determine the class of persons to which she belongs; that it was one of those for which a permit could be issued and that she had not secured such a permit. It would seem then that such contention could logically be extended so that other persons than those for whom a permit may be issued would be privileged to transport liquor at will within a wet area. This is contrary to the statutes.

So far as it pertains to the question before us, Article 666-4(a) P. C. reads: "It shall be unlawful for any person to * * * transport * * * any liquor in any wet area without first having procured a permit of the class required for such privilege." Subsequent subdivisions of the same Article, among other things, provide for and regulate the issuing of various permits to those entitled to receive them. Other provisions are the exceptions to the broad inhibition above quoted. We particularly refer to the following exception in the same Article under subdivision 23a (1) : "It is provided that any person who purchases alcoholic beverages for his own consumption may transport same from a place where the sale thereof is legal to a place where the possession thereof is legal." This broad exception provides for the transportation of legally purchased liquor for one's own use from a point within a wet area to any other point where he may possess it for that purpose, even within the same wet area where it was purchased. This language is plain and definite and at once answers and utterly destroys every contention made in appellant's brief. It is very evident that the brief did not take into account this exception.

In the consideration of the case in its entirety, the suggestion has been presented that unless a person comes within one of the classifications he would not be required to have a permit and that it therefore becomes the duty of the State to allege the classification to which the party belongs and negative the fact of her having a permit for that particular classification. In view of the quoted Article we can not agree to this view. It seems perfectly clear that all persons are forbidden to transport liquor without a permit unless they come within some exception pro-

vided in the statute. If they do, that becomes a matter of defense. This naturally leads to the observation that the State must allege that the transportation was made without a permit and that the State assumes the burden of proof of the allegation. This may be a difficult burden for the State at times but the difficulty does not change the provisions of the statute. However, in the instant case the State was accommodated by the admission of the parties when they were approached by the witness Garrison. He saw the two parties loading large quantities of liquor and driving away from a package store. The load consisted of three cases of ale and twenty-four pints of assorted brands of whiskey. The officer asked if they had an invoice and they said they did not. He then asked if they had a permit to transport this liquor and they said they did not. Each of them said "no" to the question. This evidence was admitted without objection and supplies the necessary proof to make a case.

If the party accused comes within a class and has a permit to transport intoxicating liquor, the pleadings in this case sufficiently call upon him to answer the charges by presenting the facts and such facts, when presented, would be a complete defense to the charge if there be a permit regularly issued. Likewise, if she was transporting it for her own use, this may be shown as a defense. No hardship is imposed. The procedure is simple and there is nothing indefinite about the statute.

The difficulty encountered in the consideration of these questions arises from a widely divergent view on the fundamental principles underlying the regulation of the liquor traffic. There is a school of thought which clings to the idea that there exists an individual right to possess and use intoxicants in whatever manner the individual may desire. This is contrary to the right to regulate which is based upon the theory that the person who uses intoxicating liquor does so under a highly guarded privilege. It is not necessary to here discuss the merits of the contention on the subject. The law under which we act is founded upon the latter view and that fact precludes further discussion by us. The individual who transports liquor for himself does so under the restrictions set out in the Liquor Control Act and by reason of the exceptions found therein and not as an inherent right. It is not a new thing in the criminal procedure that the party on trial may be required to assume the burden of proof of his defense. It is very similar in the prosecution of this character of cases to what it is in a prosecution for murder. A party is brought into court charged with having killed another and he has the burden of procedure to prove self-defense, alibi, etc.

So it is with many other defenses. While he has this burden it is limited in the extent to which he may be required to make the proof. It is sufficient to his defense that his evidence creates a doubt in the minds of the jury. So it is in the instant case, but she had the burden nevertheless of procedure. The court gave a proper charge on the defense in the instant case and thus complied with a reasonable construction of the law, a law regulating the liquor traffic, which is built upon the same general principles as other regulatory laws of our State.

The judgment of the trial court is affirmed.

HAWKINS, Presiding Judge, (dissenting).

Conviction is for transporting whisky in a wet area without a permit, punishment assessed being a fine of $100.00.

The prosecution was under Art. 666-4a, Vernon's Tex. P. C., Vol. 1, p. 630, Acts 45th Leg., p. 1053, ch. 448, Sec. 4(a) which reads as follows: "It shall be unlawful for any person to manufacture, distill, brew, sell, possess for the purpose of sale, import into this State, export from the State, transport, distribute, warehouse, store, solicit, or take orders for, or for the purpose of sale, to bottle, rectify, blend, treat, fortify, mix, or process any liquor transaction out of which this prosecution grew is alleged to have occurred in Amarillo, Potter County, on or about April 30, 1943. The charging part of the information is that appellant transported whisky "in a wet area * * * without first having procured a permit to transport such liquor from the Texas Liquor Control Board, or such a permit from the Administrator of such Board, and said County was then and there a county in which the transportation of such liquor could be legally carried on under a legal permit."

The case was not tried until June 16, 1943. The 48th Legislature by Ch. 325, p. 513 had amended the statute above quoted by adding after the words "without first having procured a permit" the following: "of the class required for such privilege," but this amendment did not become effective until May 14, 1943.

A motion to quash the information was urged because it did not charge appellant with being one of those persons whom the Liquor Control Act requires to have a permit to transport liquor in wet area, and because said Act makes no provision or requirement for procuring a permit to transport liquor in wet area by a person unless they are (a) carrier, (b) a private carrier, or

(c) a warehouse or transfer company; and nowhere is it charged in such information that appellant was within any of the classes named.

My brethren have apparently reached the conclusion that the statute in question makes it unlawful for anyone in "wet area" to transport liquor without a permit, and that all the State is required to do in order to charge such offense is to follow the language of the statute and go no further. They call attention to Art. 666-23a, subd. 1 as probably furnishing a defense to appellant under the facts claimed by her. The statute last referred to reads: "It is provided that any person who purchases alcoholic beverages for his own consumption may transport same from a place where the sale thereof is legal to a place where the possession thereof is legal." I am not so interested in the facts of the instant case as I am a correct interpretation of the law. If my brethren have construed the law correctly then anyone who has made a perfectly legal purchase of liquor in a "wet area" must take the risk of being embarrassed by a prosecution for taking it home, and can only defeat a conviction by assuming the burden of convincing the court or jury that the liquor was for his own consumption, because under the law as construed by my brethren the State has made out its case when it shows the transportation of the liquor without a permit, although no provision is made for the issuance of any such permit. I can not agree to such a construction of the statute.

The accepted rule for determining the sufficiency of indictments or informations is very clearly stated in 23 Tex. Jur., Sec. 34, p. 635, as follows: "It is a general rule that an indictment or information drawn in the language of the statute creating and defining an offense is sufficient. * * * But where the language of the statute does not sufficiently describe the offense, such additional facts must be alleged as will adequately advise the accused of the charge against him. This is particularly true where the statute is in general terms, and a violation thereof might consist of any one of several acts or omissions." Many cases are cited under the text illustrating the exception to the general rule. See Beles v. State, 108 Tex. Cr. R. 214, 299 S. W. 899; Kennedy v. State, 86 Tex. Cr. R. 450, 216 S. W. 1086. The Statute with which we are now dealing seems to present a striking illustration of the necessity of going to other provisions of the Liquor Control Act to even know what the Legislature had in mind in the wording of Art. 666-4a, Vernon's Tex. P. C. The Legislature appears to have sensed the difficulty under the very general language employed when it denounced the doing of some 19 dif-

ferent things "without a permit," and undertook to particularize in some degree at least in the amendment passed by the 48th Legislature, p. 513, by saying the permit necessary was for that class authorized to obtain a permit. This still makes it necessary to search other provisions of the statute to ascertain to whom the various kinds of permits may be issued by the Liquor Control Board. If an accused was doing something in "wet area" for which no permit was authorized or required, then it would seem to follow as night the day that the failure to have a "permit" could not be the basis of a prosecution.

The Liquor Control Board, of course, can only issue such "permits" as it has been authorized to issue by the terms of the Liquor Control Act. By reference to Art. 666-4a it will be found there are some 19 different acts denounced as offenses if done without a permit, therefore, of necessity we are forced to go to other provisions of the Liquor Control Act to ascertain what permits are authorized by such Act to be issued by the Liquor Control Board. It will be found upon investigation that many of the things mentioned in said Art. 666-4a have been subdivided. For instance, regarding transportation in "wet area" Subdivision (10) of said Art. 666-15 authorizes the issuance of Industrial Permits" to persons who "transport" alcohol for use in the manufacture of certain named tax free alcoholic commodities; Subdivision (11) of said article as amended in 1941, Acts 47th Leg., p. 471, authorizes "Carrier Permits," and defines "carriers" as meaning "water carriers, airplane lines, all steam, electric and motor power railway carriers, and common carrier motor carriers operating" under a certificate from the Railroad Commission of Texas or the Interstate Commerce Commission; Subdivision (12) of said article authorizes the issuance of "Private Carrier Permits," and defines such private carriers; Subdivision (13) of said article authorizes the issuance of "Local Cartage Permits." No transportation permits are authorized to be issued to anyone save those mentioned in the Act in question, and unless an accused comes within one of the classes to whom permits may be issued no such permit could be obtained; therefore, the necessity is obvious of alleging in the State's pleading that an accused falls within a class to whom permits might be issued, and was doing some act without having procured a permit which was obtainable under the law. The conclusion seems inescapable that a failure to allege that accused in the present case was in a class to whom transportation permits might be issued fell short of charging an offense. If Art. 666-4a stood alone as originally written or as amended, but nowhere in the Liquor Control Act could be found any authorization for the issuance of a permit to do

any of the things mentioned in said article, then certainly it would not be contended that the doing of such things without a permit was an offense, therefore, the necessity is obvious that to allege an offense it must be averred that accused was in a class for whom a permit had been authorized, designating such class.

My brethren hold that an information which merely avers the transportation of whisky in wet area without a permit charges an offense. The unsoundness of such holding appears demonstrated by a simple illustration. It is well settled that under the guise of regulation the Legislature may not prohibit. A citizen goes into a package store in wet area where it is perfectly legal to sell and for him to buy whisky in an unbroken package, and purchases a pint of whisky. An officer sees him start out the door and inquires if he has a permit to carry the whisky away, and upon being advised that he has none the officer tells the purchaser if he starts away with the whisky he will be arrested for transporting it without a permit; and that the only way he can escape conviction is to assume the burden of proving his innocence by showing to the satisfaction of the court or jury trying him that the whisky was for his personal use. The citizen desiring to avoid the embarrassment of such prosecution leaves the whisky where it is and goes to procure a permit to move the liquor. Upon making application for such permit he is advised by the Liquor Control Board that the law clothes the Board with no authority to issue any such permit. He goes back to the package store,—what must be done with the whisky? He is not permitted to drink it on the premises, for that is unquestionably prohibited. He can't take it out of the store without the embarrassment of a prosecution. The only alternative is to sit and nurse the bottle in his lap. If the construction my brethren have given the statute is not for all practical purpose a prohibition against a legal sale in wet area rather than a regulatory measure it approaches it dangerously.

Such a construction of law as announced by my brethren appears unsound, and if undertaken to be enforced as thus construed would render the law ridiculous.

The information should be held to charge no offense, and the judgment should be reversed and the prosecution ordered dismissed under the present State pleading. So believing, I most respectfully record my dissent. For my views upon a similar question reference is made to the dissenting opinion in Anderson v. State, 172 S. W. (2d) 311.

ON MOTION FOR REHEARING.

GRAVES, Judge.

The consideration of this case offered us in this motion appears to have lost its original significance from that which we think was its inception. Originally it was claimed that the State should have set forth in the complaint and information what kind of carrier appellant was, and then negatived the fact that she had a permit to act as such carrier in the transportation of the intoxicating liquor found in her possession. The majority of the court merely intended to say that the State could not possibly see into her mind and thus negative the kind of carrier appellant intended to be. That the possession of a permit to do the thing she intended to do, as the kind of carrier she intended to or claimed to be, could only be told by her. It surely did not lie within the prosecutor's ability to read her mind or anticipate her defense, and tell what kind or class of permit she should have had in her possession, or for what purpose she was thus transporting the liquor, and thus in the pleading negative the possession of the kind of permit she was going to show herself liable to have in her possession. We therefore held that it was not necessary to negative the possession of any certain kind of permit, but that it was only necessary to say that she had no permit.

Permits provided by law are many and varied, occupying about eight pages of the statute, Art. 666-15 Vernon's Ann. P. C., setting forth the different kinds and classes of permits under which one could operate and still be within the law, the possession of which would exempt one from punishment.

However we find ourselves in a further controversy, after having passed the above matter, and that is as to what would become of one who had purchased a bottle of whisky for his own consumption at a liquor store, and who desired to take the same to his home. The answer seems to be plain. All that was necessary for him to do would be to take it home under authority of Art. 666, sub. 23a as set forth in the original opinion, which provides that such procedure is legal, and not therefore unlawful, to carry such beverage to his own home, and, if legal, then it would follow that no permit would be necessary. But appellant says, nevertheless, she might be subject to detention perhaps and questioning by vigilant officers as to what was her purpose in thus transporting this liquor, and she might have to prove her innocence rather than the State being called upon to prove her guilt. We have no power of control over the conduct

of peace officers or Texas Liquor Control Board agents, and we cannot guarantee immunity from arrest or investigation for any offense, nor even the embarrassment to any citizen relative to any offense of any kind, but we do say that such liquor could be carried for one's own consumption from a place where the purchase was legal to a place where the possession thereof was legal, without having a permit to do so. We think the statute above referred to eliminates the necessity for a permit under such circumstances.

Lest there be any misunderstanding relative to our holding herein, we repeat that in a wet area one can transport liquor from a place where it is legal to purchase same to a place where it is legal to possess same, such as his home, and that no permit to thus do is required under the law.

It should be remembered that the traffic in intoxicating liquors is not a right; it is but a privilege, and it is surrounded by many stringent regulations. It cannot be sold in certain localities, or at certain hours, or to certain people; it cannot be drunk in certain places, and cannot be transported except in certain ways permitted by law. The statute prohibiting its transportation in a wet area is practically the same as the one immediately preceding relative to transportation in a dry area, except that the wet area allows such transportation only after the acquisition of one of the many permits, and also one allowing the privilege of carrying home such for one's own consumption.

We therefore say that we think this information properly charges an offense against the law, and that the trial court was correct in charging the jury as follows:

"You are hereby instructed that any person who purchases alcoholic beverages for his own consumption may transport the same from a place where the sale thereof is legal to a place where the possession thereof is legal; and in this case, if you find that the defendant, Willie Anderson, purchased this liquor for her own consumption or if you have a reasonable doubt thereof, you should acquit her."

Evidently the jury were not impressed with the contention that appellant's appetite was sufficient to fairly contemplate the consumption of 75 bottles of ale and 24 bottles of liquor.

The motion is therefore overruled.

HAWKINS, Presiding Judge.

I only desire to say that my views formerly expressed remain unchanged.