## IRA FULLYLOVE V. STATE

No. 27,451. March 16, 1955
Rehearing Denied May 11, 1955

Appellant's Second Motion for Rehearing Denied
(Without Written Opinion) June 8, 1955

*West, Howard & Mitchell, Sessions & Sessions*, by *W. R. Sessions*, and *Tom Howard*, Dallas, for appellant.

*Henry Wade*, Criminal District Attorney, *D. Richardson* and *Charles S. Potts*, Assistants District Attorney, Dallas, and *Leon Douglas*, State's Attorney, Austin, for the state.

MORRISON, Presiding Judge.

The offense is the possession of whiskey for the purpose of sale in a wet area without having procured a permit from the Texas Liquor Control Board, with prior offenses of like character alleged to enhance the punishment; the punishment, two years in jail and a fine of $2,000.00.

Inspector Pierce of the Texas Liquor Control Board testified that at approximately 11:25 p.m. on the night in question he, in company with Inspector Giles, went to the home of the appellant in the city of Dallas and told the appellant that he wanted to buy a pint of whiskey, that the appellant said that he had just been raided and did not have any whiskey in the house but would go to the liquor store and get some. Pierce stated that the appellant left the house and returned in a few moments with four half-pints of whiskey, two of which he sold to the witness. The appellant was then arrested and all the whiskey seized.

It was established that no permit had been issued to the appellant by the Texas Liquor Control Board, that the sale was made in Precinct No. 1 of Dallas County, and the appellant was shown to be the same person who had been convicted in the two prior offenses plead for enhancement purposes.

The appellant did not testify or offer any evidence in his behalf.

Only two contentions need to be discussed. As stated, the information charged the possession in a "wet" area. There was no proof offered on the "wet" or "dry" status of Precinct No. 1 of Dallas County. Appellant objected to that portion of the court's charge wherein he told the jury that Justice Precinct No. 1 of Dallas County was a "wet area" on the ground that there was no proof to support the charge. So far as we have been able to determine, this question has been before this court only once. In Sanders v. State, 143 Texas Cr. Rep. 216, 157 S.W. 2d 910, we said:

"In his motion for rehearing, appellant insists that there was no proof showing that Hockley County was a 'wet' area. * * * Moreover, under the terms of Art. 666-23, Vernon's Annotated Penal Code, all area of the state is 'wet,' except that which has been determined to be 'dry.' Unless the proof shows that the area is 'dry,' it is by law 'wet.' "

In support of the conclusion reached in the Sanders case, we quote a part of the cited article:

"Whenever the term 'dry area' is used in this Act it shall mean and refer to all counties, justice precincts, incorporated cities or towns wherein the sale of alcoholic beverages had been prohibited by valid local option elections held under the laws of the State in force at the time of the taking effect of Section 20, Article XVI, Constitution of Texas in the year 1919. It likewise shall mean and refer to any such areas where sale of such alcoholic beverages shall be prohibited under the terms of this Act.

"The term 'wet area' shall mean and refer to *all other* areas of the State." (Underlining ours.)

We conclude that, though it is always necessary to prove the dry status of an area, no proof is required that the area is not dry if the offense is alleged to have been committed in a "wet" area.

Appellant next contends that the proof of the prior convictions was insufficient to support the judgment in that the judgments in the prior cases recited in the heading, "Violation Liquor Law" and "Vio Liquor Law" but nowhere in the body of the judgments was the nature of the offense set out.

The information set out prior convictions in Causes Nos. 361-B and 1844-B in the County Criminal Court No. 2 of Dallas County, which were alleged to be offenses of like character to the primary offense charged.

In support of these allegations, the state introduced the informations in causes numbered 361-B and 1844-B filed in the County Criminal Court No. 2 of Dallas County, each of which charged the appellant with the offense of possession of liquor for the purpose of sale in a wet area.

The state also introduced the judgments in causes numbered

361-B and 1844-B in the County Criminal Court No. 2 of Dallas County.

In Frazier v. State, 159 Texas Cr. Rep. 263, 262 S.W. 2d 501, we had a very similar question. There we said that the judgment and the information might be read together in determining whether the proof of prior convictions supported the allegation in the information.

Finding no reversible error, the judgment of the trial court is affirmed.

### ON MOTION FOR REHEARING

BELCHER, Judge.

Appellant contends that the judgments introduced in evidence to show the alleged prior convictions are invalid because of the failure to show that the informations, introduced in evidence, supporting said judgments were based upon proper complaints.

Since the judgments did not identify the offenses for which the accused was convicted, the informations were introduced for this purpose.

In 12 Texas Jur. 709, Sec. 348, it is stated that:

"In misdemeanor cases, it is not necessary that the judgment show eo nominee an offense of which the accused has been convicted, or specify the particular count upon which a conviction has been based."

See, also, Fowler v. State, 144 Texas Cr. R. 382, 162 S.W. 2d 969.

The informations upon which said judgments were based were admissible to identify the offenses for which the accused was alleged to have been convicted. Koger v. State, 73 Texas Cr. R. 448, 165 S.W. 577.

Under the facts here presented, we overrule the contention that the state was under the necessity of offering the complaints upon which the informations were based.

By Bill of Exception No. 1, appellant contends that it being conceded that appellant's house was located in Justice Precinct

No. 1, Dallas County, where the alleged unlawful possession of the whiskey was shown according to the state's evidence, the court erred in charging the jury that said precinct was a wet area, because the evidence shows that a part of said precinct was wet and a part was dry, and that the issue of fact as to whether said possession was in the wet or dry area of said precinct should have been submitted to the jury.

The court's qualification to this bill, which appellant accepted, states that no evidence was offered during the trial by either the state or the defendant as to the wet or dry status of Justice Precinct No. 1, and that it "was raised by the defendant on motion for new trial, and the evidence offered was offered for the first time on the motion for a new trial." The qualification is borne out by the statement of facts.

In the absence of evidence raising an issue as to the dry status of the area in question at the time of the alleged offense, no error is shown by the failure of the court to charge thereon.

Appellant's motion for rehearing is overruled.

Opinion approved by the Court.

ON APPELLANT'S MOTION FOR REHEARING

DAVIDSON, Judge, dissenting.

Let is be understood at the outset that there is not known to the Liquor Control Act or to the liquor laws of this state a permit to possess whiskey for the purpose of sale in a wet area. Neither the Texas Liquor Control Board nor the Administrator of the Liquor Control Act has authority to issue such a permit.

Art. 666-15, Vernon's P.C., sets forth the permits authorized to be issued under the Liquor Control Act. Nowhere therein is provision made for the issuance of a permit to possess whiskey for the purpose of sale in a wet area.

The foregoing must be kept in mind in reaching a conclusion here.

The information under which appellant has been here convicted of possessing whiskey in a wet area for the purpose of sale without having procured a permit required for such privilege reads as follows:

634

"NOW COMES the Criminal District Attorney of Dallas County, State of Texas, and presents in and to the County Criminal Court No. 2 of Dallas County, State aforesaid, that one *IRA FULLYLOVE* hereinafter styled Defendant, heretofore on or about the *11th* day of *April, A.D. 1953* in the County of Dallas and State of Texas, did unlawfully then and there possess liquor, to-wit: whiskey, in a wet area for the purpose of sale without first having procured a permit from the Texas Liquor Control Board or the Administrator of the Texas Liquor Control Board to so possess such liquor."

In my opinion there is no such offense known to or prohibited by the statute law of this state. It is not a violation of any law to commit the act appellant is alleged to have committed.

For that reason, I respectfully enter my dissent to the affirmance of this case.

The conviction purports to have been obtained under Sec. (a) of Art. 666-4, Vernon's P.C., which reads as follows:

"It shall be unlawful for any person to manufacture, distill, brew, sell, possess for the purpose of sale, import into this state, export from the state, transport, distribute, warehouse, store, solicit orders for, take orders for, or for the purpose of sale to bottle, rectify, blend, treat, fortify, mix, or process any liquor in any wet area without first having procured a permit of the class required for such privilege."

The gist of the offense there created, and without which there would be no offense, lies in the absence of a permit. To be unlawful the act must be done without a permit; if done with a permit, there is no offense.

The legislative history of the statute mentioned reveals that, prior to 1943, the statute read as above set forth except for the words, "of the class required for such privilege." Those words were added to the statute in 1943 by Chap. 325, Acts Regular Session of the 48th Legislature.

Under the statute as it existed in 1943 there came on to be considered by this court the case of Anderson v. State, 146 Texas Cr. R. 222, 172 S.W. 2d 310, in which the accused had been convicted under that statute of possessing whiskey for the purpose of sale in a wet area without a permit. In that case, the information followed the language of the statute as it then existed

and merely alleged that the whiskey was possessed for the purpose of sale in a wet area "without first obtaining a permit." It was contended that it was not unlawful to possess liquor for the purpose of sale in a wet area because the law did not authorize the issuance of a permit or license to do that act and therefore no permit could have been obtained or was necessary therefor.

The majority of this court overruled that contention and sustained the statute in the following language:

"We hold that the permit mentioned in the above quoted article, so far as the sale and possession for sale are involved, means a permit to sell, and that such permit carries with it the privilege, and becomes a permit to possess liquor for the purpose of sale in a wet area."

By that process of reasoning, the majority of the court reached the conclusion that it was unlawful to possess whiskey for the purpose of sale in a wet area without a permit. Yet there was no way for the accused to obtain such a permit and no such permit was authorized to be issued by any agency, department, or individual of the state government.

The late Judge Hawkins, Presiding Judge of this court at that time, vigorously dissented in that case.

At that time, I was, am now, and have been at all times since thoroughly convinced of the correctness of the views of Judge Hawkins as expressed in his dissenting opinion. To my mind, they are unanswerable.

It was the view of Judge Hawkins that the statute required a permit only to sell whiskey in a wet area and did not require or authorize the issuance of a permit to possess whiskey for the purpose of sale in a wet area, and that "the mere possession of liquor in a wet area for the purpose of sale at some time in the future does not warrant any permit." It was for that reason the conclusion was reached by him that it was not unlawful for one to possess whiskey for the purpose of sale in a wet area without a permit.

In affirming this conviction, my brethren reject the reasoning of Judge Hawkins and follow that of the majority of the court as it then existed.

But the majority opinion in the Anderson case, supra, does not necessarily authorize the affirmance of this case because of the change in the statute by the act of 1943, as above pointed out.

It will be noted that the statute in force at the time the Anderson case was written did not specify the kind, character, or description of the permit that was required for one to procure, in order to lawfully possess, whiskey for the purpose of sale in a wet area. By the act of 1943, the legislature added to the statute the words, "of the class required for such privilege," and thereby designated and described the permit as being that which was "required for such privilege." In other words, by this addition to the statute the legislature made it certain and definite that the permit, and only permit, which was required was that which was applied to and made necessary for the doing of the particular act or privilege. Such was in keeping with the views expressed in the dissenting opinion and contrary to the majority opinion in the Anderson case.

So, under Sec. (a) of Art. 666-4, Vernon's P.C., as it presently exists, for an act to be unlawful it must be done without a permit where a permit is required for the privilege of doing that act. Unless and until a permit is required as a condition precedent to the lawful performance of that act there is no violation of the law.

The law does not know, authorize, or recognize that a permit may be issued to possess whiskey for the purpose of sale in a wet area. No governmental agency is authorized to issue such a permit. To whom would one apply for such a permit? No one ought to be required to secure a permit to do an act when he cannot obtain such a permit from any source.

In keeping with the views expressed, I refer to the dissenting opinion of Judge Hawkins in the case of Anderson v. State, 147 Texas Cr. R. 410, 181 S.W. 2d 78, at p. 80, where is demonstrated by a practical illustration the unsoundness of the doctrine that one should be held accountable for the doing of an act without a permit when no permit can be obtained authorizing him to do that act.

There is no law which says that it is unlawful to possess whiskey for the purpose of sale in a wet area without a permit. Yet this appellant stands convicted of that very act and, under the holding of my brethren, must pay the penalty assessed.

I can only protest against such miscarriage of justice. This I respectfully do.