## Cornelius HILL

v.

## STATE.

No. 28759.

Court of Criminal Appeals of Texas.

Jan. 16, 1957.

C. C. Divine, Houston, for appellant.

Dan Walton, Dist. Atty., Eugene Brady and Thomas D. White, Asst. Dist. Attys., Houston, Leon B. Douglas, State's Atty., Austin, for the State.

WOODLEY, Judge.

The same question is raised here as in Tex.Cr.R., 297 S.W.2d 679, and Tex.Cr.R., 297 S.W.2d 680, this day decided contrary to appellant's contention, the sole difference being that here the plea of guilty was for possessing whisky for the purpose of sale in a wet area without a permit, an offense likewise defined in art. 666–4(a), V.A.P.C.

The judgment is affirmed.

DAVIDSON, Judge (dissenting).

I am of the opinion that it is not unlawful to possess whisky for the purpose of sale in a wet area without a permit, because the law authorizes the issuance of no such permit and no such permit can lawfully be issued.

With the dissenting opinions of Judge Hawkins in Anderson v. State, 146 Tex. Cr.R. 222, 172 S.W.2d 310, and Anderson v. State, 147 Tex.Cr.R. 410, 181 S.W.2d 78, I am in complete accord. To my mind, his dissent in each of those cases demonstrates the correctness of the foregoing statement.

The information in this case did not charge a violation of the law.

I respectfully dissent to the affirmance of a conviction for an offense that does not exist.