## William P. ANDERSON

v.

## STATE.

No. 28755.

Court of Criminal Appeals of Texas.

Jan. 16, 1957.

C. C. Divine, Houston, for appellant.

Dan Walton, Dist. Atty., Eugene Brady and Thomas D. White, Asst. Dist. Attys., Houston, and Leon B. Douglas, State's Atty., Austin, for the State.

WOODLEY, Judge.

The same question is raised here as in Hill v. State, Tex.Cr.R., 297 S.W.2d 679, this day decided contrary to appellant's contention, the sole difference being that here the plea of guilty was for possessing whisky for the purpose of sale in a wet area without a permit, an offense likewise defined in art. 666–4 (a), V.A.P.C., and punishment was assessed at a fine of $100.

The judgment is affirmed.

DAVIDSON, Judge (dissenting).

It is not unlawful, in my opinion, to possess whisky for the purpose of sale in a wet area without a permit. The law authorizes the issuance of no such permit, and no such permit can be issued lawfully.

I am in complete accord with the dissenting opinions of Judge Hawkins in An-

derson v. State, 146 Tex.Cr.R. 222, 172 S.W.2d 310, and Anderson v. State, 147 Tex.Cr.R. 410, 181 S.W.2d 78, which, to my mind, demonstrate the correctness of the foregoing statement.

The information in this case did not charge a violation of the law.

I respectfully dissent to the affirmance of a conviction for an offense that does not exist.