GEORGE MCFADDEN V. THE STATE.

No. 11174.  Delivered November 23, 1927.

**1.—Driving Auto While Intoxicated—Recognizance Insufficient—Appeal Dismissed.**

Where the recognizance on appeal recited that appellant stood charged with and had been convicted of the offense of driving an automobile while under the influence of intoxicating liquor, same is insufficient, in that it fails to set out that the car was driven upon a public highway, and the appeal is dismissed.

**2.—Same—This Offense Is a Felony.**

The offense with which appellant was convicted, though having as an alternative punishment a fine and confinement in the county jail, is nevertheless a felony.  See Campbell v. State, 22 Tex. Crim. App. 262.

Appeal from the Criminal District Court No. 2 of Dallas County.  Tried below before the Hon. C. A. Pippen, Judge.

Appeal from a conviction for driving an automobile upon a public road while intoxicated, penalty ninety days in the county jail.

The opinion states the case.

No brief filed for appellant.

*A. A. Dawson,* State's Attorney, for the State.

LATTIMORE, JUDGE.—Conviction for driving an automobile upon a public road while intoxicated, punishment ninety days in the county jail.

This court is without jurisdiction to decide the matters presented upon this appeal because of the fact that the recognizance appearing in the record is fatally defective.  It is therein stated that appellant stood charged with and had been convicted of the offense of driving a motor vehicle while under the influence of intoxicating liquor.  There is no such offense known to our statute.  Unless the motor vehicle be driven upon a public road while its driver is in a state of intoxication, the law is not offended against.  The offense stated is the thing done by appellant, and the charge in the recognizance omits one of its most important elements, viz., that the car be driven upon a public highway.

We take occasion also to call attention to the fact that no sentence appears in the record.  The offense of which appellant was convicted, though having as an alternative punishment a fine and confinement in the county jail, is nevertheless a

felony. Campbell v. State, 22 Tex. Crim. App. 262. We hold universally that an offense is a felony which is punishable by confinement in the penitentiary, even though it also carries as an alternative penalty a fine or imprisonment in the county jail. We perceive no difficulty in the way of the trial court pronouncing sentence upon the accused, based upon any idea that the punishment assessed was a pecuniary fine or imprisonment in the county jail, or both.

The appeal is dismissed. *Dismissed.*