### EDWARD TURNER V. THE STATE.

No. 11743.   Delivered March 21, 1928.
Rehearing denied May 2, 1928.

1.—Driving Auto While Intoxicated — Recognizance — Insufficient—Appeal Dismissed.

Where a recognizance in a record on appeal recites only that appellant was adjudged guilty of "driving an auto while under the influence of intoxicating liquor," same is insufficient in that it does not recite that it was driven on a public road, or other prohibited place. See Art. 802, P. C.; McFadden v. State, 300 S. W. 54.

### ON REHEARING.

2.—Same—Motion to Reinstate Appeal Denied—Rule Stated.

Where an appeal has been dismissed on account of a defective recognizance, a motion to reinstate the appeal to perfect the record will not be

granted unless appellant has filed a proper appeal bond in lieu of the defective recognizance.

Appeal from the District Court of Rains County. Tried below before the Hon. Grover Sellers, Judge.

Appeal from a conviction for driving an auto while intoxicated, penalty six months in the penitentiary.

The opinion states the case.

No brief filed for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

HAWKINS, JUDGE.—Appellant was charged with driving an automobile on a public road while he was intoxicated. Upon conviction his punishment was assessed at six months' imprisonment in the penitentiary.

The recognizance appearing in the record is fatally defective in that it recites only that appellant was adjudged guilty of "driving an auto while under the influence of intoxicating liquor." It is not an offense to drive an automobile while intoxicated unless it be driven on a public road or other prohibited place. Art. 802, P. C.; McFadden v. State, 300 S. W. 54.

This court acquires no jurisdiction under the recognizance and the appeal must be dismissed, and it is so ordered.

*Dismissed.*

ON MOTION TO REINSTATE.

HAWKINS, JUDGE.—Since the dismissal of the appeal because of a defective recognizance, appellant has filed a motion in which it is stated "that he desired to perfect the record on appeal and to have the court pass on said cause on its merits. Wherefore he prays the court to reinstate said appeal and permit him to file all necessary pleadings and papers in said cause."

The motion presents no matter of which this court can take cognizance. No amended record accompanies the motion. The only thing appellant could have done to restore jurisdiction to this court would have been to file proper appeal bond in lieu of the defective recognizance. There is nothing in the motion to indicate that this has been done or attempted.

The motion to reinstate is overruled.

*Overruled.*