ALEX KEDING V. THE STATE.

No. 21154.  Delivered November 20, 1940.

300

The opinion states the case.

*P. Z. Sullivan,* of Bellville, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, Judge.

The offense is driving an automobile on a public highway while intoxicated; the punishment, confinement in the penitentiary for two years.

The transcript carries a caption which fails to show the date of adjournment of the trial court. Under the decisions of this court, the appeal must be dismissed. Holder v. State, 18 S. W. (2d) 661, and authorities cited.

In the recognizance it is stated that appellant has been convicted of the offense of *driving an automobile while intoxicated.* (Italics ours.) In Herring v. State, 35 S. W. (2d) 737, we said:

"The recognizance is fatally defective. It is recited therein that appellant stands charged with driving an automobile while intoxicated, and that he has been convicted of the offense of driving an automobile while intoxicated. We have no statute forbidding one, in terms, from operating a motor vehicle while intoxicated. In order to come within the prohibition of the statute, the accused must drive or operate such motor vehicle upon a street or alley or other place within the limits of an incorporated city, town, or village, or upon a public road or highway within the State. Article 802, P. C.; Nicholson v. State, 110 Tex. Cr. R. 112, 7 S. W. (2d) 1075; McFadden v. State, 108 Tex. Cr. R. 166, 300 S. W. 54."

See also McMullen v. State, 99 S. W. (2d) 921.

The recognizance being insufficient, this court is without jurisdiction.

Appeal is dismissed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.