ALVIN CLIFTON FRAZIER V. STATE.

No. 26,483.   October 14, 1953.
Appellant's Motion for Rehearing Denied
(Without Written Opinion) December 16, 1953.

*Murray J. Howze*, Monahans, for appellant.

*John R. Lee*, District Attorney, Monahans, and *Wesley Dice*, State's Attorney, Austin, for the state.

ON STATE'S MOTION FOR REHEARING.

MORRISON, Judge.

In the light of the state's motion, the opinion heretofore rendered in this cause is withdrawn, and the following is substituted in lieu thereof.

The offense is driving while intoxicated as a subsequent offender under Article 802b, P. C.; the punishment, one year and one day in the penitentiary.

Patrolman Gilbert testified that on the night in question he observed a pickup truck being driven in an erratic manner on the highway and that he stopped the truck, saw some beer therein, observed that appellant was intoxicated, arrested the appellant, and carried him to Pecos where the witness executed a written consent to the taking of a blood test. The witness stated further that he carried the appellant to the hospital where the test was given.

Chemist Chasteen, of the Department of Texas Public Safety in Austin, testified that he tested the blood sample sent from Pecos and found it to contain 2.3 milligrams of alcohol per cc. and that such a percentage was evidence of intoxication.

Patrolman McDonald corroborated the testimony of officer Gilbert. The appellant did not testify and offered no evidence in his own behalf. We find the evidence sufficient to support the conviction.

We shall now discuss the contentions raised by appellant's able counsel in his brief.

By Bills of Exception Nos. 1 and 2 appellant complained of the introduction into evidence of certified copies of the information and judgment in cause No. 5395 in the county court of Midland County.

The indictment in the instant case, after charging the primary offense, and in order to establish the jurisdiction of the district court, alleged the prior conviction in cause No. 5395 in the county court of Midland County for "the offense of driving and operating a motor vehicle upon a public highway, while intoxicated and while under the influence of intoxicating liquor."

The information in cause No. 5395 in the county court of Midland County, introduced in evidence, charged that the appellant did "unlawfully, while intoxicated and while under the influence of intoxicating liquor, drive a motor vehicle . . . , upon a public highway within said county."

The judgment in cause No. 5395 in the county court of Mid-

land County, also introduced in evidence, found the appellant "guilty of the offense charged in the information, to-wit Driving a Motor Vehicle While Intoxicated, a misdemeanor."

It is the appellant's contention that this judgment was not admissible and that it did not support the averments in the indictment because it found appellant guilty of no offense under the law. That is, he contends that the failure of the court to insert in the judgment the phrase "upon a public highway" rendered the same void.

With this contention we cannot agree. Since the judgment referred to the information, the two may be read together, and when such is done, they clearly support the averments in the indictment; and both were admissible in order to make out the case charged against the appellant.

The information and the judgment being in evidence, this case does not fall within the rule expressed in McFadden v. State, 108 Tex. Cr. Rep. 166, 300 S. W. 54; Herring v. State, 117 Tex. Cr. Rep. 211, 35 S. W. 2d 737; and Keding v. State, 140 Tex. Cr. Rep. 299, 144 S. W. 2d 1104, cited by appellant.

The state's motion for rehearing is granted; the judgment of reversal is set aside, and the judgment is now affirmed.