### HUGO SHELTON V. STATE

No. 27,860. December 7, 1955

No attorney for appellant of record on appeal.

*Leon Douglas,* State's Attorney, Austin, for the state.

DAVIDSON, Judge.

This is a conviction for the felony offense of drunken driving (Art. 802b, P.C.), with punishment assessed at three years in the penitentiary.

The prior conviction for drunken driving was alleged in the

indictment to have occurred in the county court of Potter County on the 19th day of June, 1951, in Cause No. 14,506.

A bill of exception shows that, in order to sustain that allegation, the state offered in evidence a judgment of the county court of Potter County in Cause No. 14,506, styled The State of Texas vs. Hugo Shelton.

That judgment shows that on the 19th day of June, 1951, Hugo Shelton was convicted after entering his plea of guilty "to the charge contained in the information."

As to the adjudication, the judgment recites the following:

"It is therefore Considered and Adjudged by the court that the state of Texas do have and recover of and from the said defendant, Hugo Shelton, the sum of $200 fine, and that said defendant be confined in the county jail (for a period of 20 days) and until said fine and all costs of this prosecution are fully paid; and further, that execution issue to collect same."

It will be noted that nowhere does said judgment designate the offense for which the accused was there convicted. In this connection, the bill of exception further certifies that in its efforts to prove that the defendant was convicted of the offense of driving while intoxicated, as alleged, the state offered in evidence the complaint and the information in such case and that, upon objection, they were excluded and not admitted in evidence.

A bill of exception further reflects that the jailer, Blackstock, testified that the jail records of Potter County showed that "there was a Hugo Shelton placed in jail up there on June 18, 1951," and also that the offense was "DWI" and that "DWI" means "Driving while intoxicated."

The bill of exception further recites that "there was no evidence other than this to show that Hugo Shelton was convicted or charged or arrested for the offense of driving while intoxicated upon either the 18th day or 19th day of June, 1951, and there was no evidence to show that he was convicted on either of these dates except the above testimony of the witness Blackstock as to what the jail records revealed."

There is no escape from the conclusion that the trial court has certified that the state failed to establish the prior convic-

tion in at least two particulars, that is, (a) that the judgment of conviction was for the offense of drunken driving, and (b) that the appellant is one and the same person as the one named in the judgment and jail records.

It is apparent, therefore, that the trial court has certified, by approval of the bills of exception referred to, that the state did not show appellant's guilt, as charged.

There is no statement of facts before us which refutes or disproves the trial court's certificate.

The judgment is reversed and the cause is remanded.