**J. W. LA DUKE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 29572.**

Court of Criminal Appeals of Texas.

March 19, 1958.

Rehearing Denied April 23, 1958.

Ratliff & Ratliff, Haskell, for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

BELCHER, Commissioner.

The conviction is for the felony offense of driving while intoxicated; the punishment, 30 days in jail and a fine of $100.

It is undisputed that the appellant was driving an automobile upon a public street at the time and place alleged.

Two officers who saw the appellant after he had stopped his automobile and another officer who saw him at the city hall, testified that from their observation of the appellant he was in their opinion intoxicated.

Appellant did not testify but called several witnesses who testified that they observed the appellant shortly before and after his arrest for the offense charged and expressed the opinion that he was not intoxicated.

Proof was offered of the prior conviction as alleged and that the appellant was the person so convicted.

The jury resolved the issues of fact against the appellant and we find the evidence sufficient to support their verdict.

Appellant contends that the court erred in admitting the testimony of Officer Bolden showing the search of appellant's car and the results thereof over his objection that he was not acting in the capacity of an officer and had no right to make the search.

The record shows that Officer Bolden was a deputy sheriff of Haskell County, and on the occasion in question was visiting in

Knox City in Knox County, where the offense charged is alleged to have occurred. It was shown that Officer Hamby, Chief of Police of Knox City, asked Officer Bolden to accompany him when he started in pursuit of the car driven by the appellant. Appellant was stopped, placed in the chief's car, and the chief asked Officer Bolden to drive appellant's car to the city hall. After arriving at the city hall, Officer Hamby requested Officer Bolden to search appellant's car, which he did, and found one pint bottle of whiskey.

It was the duty of Officer Bolden, when called upon by Officer Hamby, to assist him in the execution and discharge of his duties. The testimony complained of was admissible. Art. 348, Vernon's Ann.P.C.; Smith v. State, 139 Tex.Cr.R. 355, 140 S.W.2d 452.

Appellant complains of the admission in evidence of the certified copy of the judgment of the prior conviction alleged on the ground that it did not describe the offense for which the conviction was had.

The judgment in a misdemeanor case is not required to describe the offense for which the accused was adjudged guilty. 12 Tex.Juris. 709, Sec. 348; Fowler v. State, 144 Tex.Cr.R. 382, 162 S.W.2d 969; Fullylove v. State, 161 Tex.Cr.R. 629, 279 S.W.2d 357. The information upon which said judgment was based was introduced in evidence. It showed that the appellant was charged with the misdemeanor offense of driving an automobile while intoxicated upon a public highway, and was sufficient to identify the offense upon which said judgment was based. The judgment was admissible. Koger v. State, 73 Tex.Cr.R. 448, 165 S.W. 577; Stephens v. State, 161 Tex.Cr.R. 407, 277 S.W.2d 911; Fullylove v. State, supra.

Complaint is made of the notations placed on the label of the whiskey bottle found in appellant's car after his arrest on the ground that such notations were made in the absence of the appellant and were hearsay.

The record shows that the notations complained of were: "6–19–57 H.C.S." and that H. C. Stone, one of the officers, placed them on the label.

It appears that such notations were used only as a means of identification. Such notations were not evidentiary of and had no bearing on the issues in the case. Hence no error is shown. Ellison v. State, 154 Tex.Cr.R. 448, 227 S.W.2d 817; McDonald v. State, 160 Tex.Cr.R. 181, 268 S.W.2d 157.

Finding no reversible error the judgment is affirmed.

Opinion approved by the Court.

On Motion for Rehearing.

Rehearing denied.

DAVIDSON, Judge (dissenting).

The majority of this court overrule appellant's motion for rehearing without written opinion.

I cannot agree to the affirmance of this case for the following reasons:

This is a conviction for the felony offense of driving while intoxicated, with punishment assessed at a fine of $100 and thirty days in jail.

The prior misdemeanor conviction for drunken driving relied upon was alleged to have occurred in the County Court of Haskell County.

In proving up that conviction the state introduced a judgment of conviction. The judgment, however, did not show upon its face that the conviction was for the offense of drunken driving.

It became necessary, then, for the state to supply that proof from other sources. Shelton v. State, 162 Tex.Cr.R. 266, 284 S.W.2d 732. This the state attempted to do by introducing the complaint and information in the case, the charging portion of the information reading as follows:

"Curtis F. Pogue, County Attorney of the County of Haskell, State of Texas, at this, the November term, A. D., 1947, of said court, comes in behalf of the state of Texas and in connection with the complaint of D. P. Fuller, herein filed, presents, in and to said County and State, on or about the 12 day of November, A.D. 1947, J. W. Laduke [sic] did then and there unlawfully, while intoxicated and while under the influence of intoxicating liquor, drive a motor vehicle, to-wit: 1939 model Ford Automobile, upon a public highway within said County,

"Texas State Highway No. 283.... ."

It will be noted that the information nowhere shows that it was presented in any court by the county attorney.

Art. 414, Vernon's Ann.C.C.P., requires that the information must state that it was presented in a court having jurisdiction of the offense set forth therein.

It is a county court which has jurisdiction of the misdemeanor offense of drunken driving. In order to invoke the jurisdiction of a court having jurisdiction of said offense it is necessary that the information show that it was presented in a county court.

Unless and until the County Court of Haskell County acquired jurisdiction by a valid information or indictment, it was without jurisdiction to enter any judgment in the case.

A void judgment may be attacked anywhere at any time.

The judgment relied upon to show that appellant had been convicted of the misdemeanor offense of driving while intoxicated was void for the want of jurisdiction of the court entering the judgment.

It is apparent, therefore, that the state wholly failed to prove the allegation of the information in this case that the appellant had been convicted of the misdemeanor offense of drunk driving.

I respectfully dissent.

James J. Shown, Houston, for appellant.

Dan Walton, Dist. Atty., Thomas D. White, Asst. Dist. Atty., Houston, and Leon B. Douglas, State's Atty., Austin, for the State.