**Cruz Gonzales COMPAS, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 42772.**

Court of Criminal Appeals of Texas.

March 4, 1970.

**488**

The judgment in a misdemeanor case is not required to describe the offense of which the accused was adjudged guilty. Stephens v. State, 161 Tex.Cr.R. 407, 277 S.W.2d 911; La Duke v. State, 166 Tex. Cr.R. 160, 312 S.W.2d 242.

The sentence recites that the defendant had been adjudged guilty of shoplifting.

The judgment is affirmed.

No attorney on appeal, for appellant.

Jim D. Vollers, State's Atty., Austin, for the State.

Wallace **ANDERSON, Appellant,**

v.

The **STATE of Texas, Appellee.**

No. 42798.

Court of Criminal Appeals of Texas.

March 4, 1970.

## OPINION

WOODLEY, Presiding Justice.

The offense is shoplifting, a misdemeanor; the punishment assessed upon appellant's plea of guilty before the court, 5 days in jail and a fine of $100.00.

No brief has been filed in appellant's behalf and no question of indigency is presented.

■ The proceedings appear to be regular except for the portion of the judgment which, after reciting that upon his plea of guilty the court finds the defendant guilty of the offense charged in the information herein, further recites "to wit: Liquor Law Violation."

The offense charged in the information was shoplifting. Erroneously classifying the offense charged as a Liquor Law Violation does not render the judgment void. The judgment is reformed so as to eliminate the quoted words "to wit: Liquor Law Violation." Ex parte King, 156 .Tex. Cr.R. 231, 240 S.W.2d 777; Childress v. State, Tex.Cr.App., 268 S.W.2d 201; Robinson v. State, 58 Tex.Cr.R. 120, 126 S.W. 276.