**O. D. PLATTER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 59570.**

Court of Criminal Appeals of Texas, Panel No. 3.

May 14, 1980.

As Corrected On Rehearing Denied July 16, 1980.

---

Thomas C. Railsback and Ben Henderson, Dallas, for appellant.

Henry M. Wade, Dist. Atty., John H. Hagler, Michael R. Gillett and James G. Walker, Asst. Dist. Attys., Dallas, Robert Huttash, State's Atty., Austin, for the State.

Before PHILLIPS, TOM G. DAVIS and DALLY, JJ.

## OPINION

PHILLIPS, Judge.

This is an appeal from a conviction for the felony offense of failure to remain at the scene of a motor vehicle accident and give required information. Article 6701d, §§ 38 and 40, V.A.C.S. Punishment was assessed at imprisonment for three years.

Appellant raises eight grounds of error. We affirm.

In his first ground of error, appellant contends that the trial court erred in denying his motion to quash the indictment. Appellant claims that the indictment unlawfully enhanced an offense for which a specific penalty applies.

The penalty provision for the offense of failure to remain at the scene of a

motor vehicle accident and give required information is found in Article 6701d, § 38(b), V.A.C.S., and provides as follows:

Any person failing to stop or to comply with said requirements under such circumstances shall upon conviction be punished by imprisonment in the penitentiary not to exceed five (5) years or in jail not exceeding one (1) year or by fine not exceeding Five Thousand ($5,000.00) Dollars, or by both such fine and imprisonment.

V.T.C.A. Penal Code, § 1.03(b) provides in part that Titles 1–3 of the Penal Code "apply to offenses defined by other laws, unless the statute defining the offense provides otherwise." The statute defining the offense of failure to remain at the scene of a motor vehicle accident and give required information does not provide otherwise with respect to enhancement. This statute has its own penalty provision, but it does not speak to the question of enhancement. Under V.T.C.A. Penal Code, § 12.41(1), the offense of failure to remain at the scene of a motor vehicle accident and give required information is classified as a felony of the third degree. V.T.C.A. Penal Code, § 12.42, which pertains to enhancement and is found in Title 3 of the Penal Code, applies to the offense of failure to remain at the scene of a motor vehicle accident and give required information. *See Young v. State,* 552 S.W.2d 441 (Tex.Cr.App.1977). We therefore conclude that it was not improper to enhance this offense, and the trial court did not err in refusing to quash the indictment.

Appellant's reliance on *Edwards v. State,* 166 Tex.Cr.R. 301, 313 S.W.2d 618 (1958) is misplaced. In that case the statute under consideration provided that "for each and every subsequent such violation" the person convicted shall be punished by a specific penalty. The statute in the present case does not contain such a provision. *Edwards,* supra, clearly is distinguishable. Appellant's first ground of error is overruled.

■ In his second ground of error, appellant contends that the trial court erred in refusing to quash the indictment because

the two convictions alleged for enhancement had relied on a void judgment. Both enhancement paragraphs alleged the felony offense of driving a motor vehicle while intoxicated on a public highway. *See* Article 6701*l*–(2), V.A.C.S. These two felony convictions relied on the conviction in Cause No. 6505–B for the misdemeanor offense of driving a motor vehicle while intoxicated on a public highway. *See* Article 6701*l*–(1), V.A.C.S. Appellant contends that the judgment in the misdemeanor case is void, which in turn renders void the two felony convictions that relied on that judgment.

Appellant argues that the judgment in Cause No. 6505–B is void because it recites that he was convicted of "driving while intoxicated," which is not an offense under the laws of Texas. *See Keding v. State,* 140 Tex.Cr.R. 299, 144 S.W.2d 1104 (1940); *Herring v. State,* 117 Tex.Cr.R. 211, 35 S.W.2d 737 (1930). Although the information in Cause No. 6505–B correctly alleges the offense, appellant contends that the judgment and information cannot be read together because the judgment does not refer to the information. *See Skaggs v. State,* 167 Tex.Cr.R. 254, 319 S.W.2d 310 (1958); *Frazier v. State,* 159 Tex.Cr.R. 263, 262 S.W.2d 501 (1953).

This Court has held that the judgment in a misdemeanor case is not required to describe the offense for which the defendant was adjudged guilty. *Compas v. State,* 451 S.W.2d 487 (Tex.Cr.App.1970); *LaDuke v. State,* 166 Tex.Cr.R. 160, 312 S.W.2d 242 (1958); *Stephens v. State,* 161 Tex.Cr.R. 407, 277 S.W.2d 911 (1955). In the present case both the judgment and the information upon which it was based were admitted into evidence, and both instruments bear the Cause No. 6505–B. The judgment was not void. *Stephens,* supra. Appellant's second ground of error is overruled.

■ In his third ground of error, appellant complains of the trial court's refusal to dismiss the indictment because of prosecutorial vindictiveness. The record reflects that after the defendant rejected the State's offer for a plea bargain, the prosecutor returned to the grand jury and

obtained a new indictment that included enhancement counts. The record further reflects that during plea negotiations the prosecutor told defense counsel that if the defendant refused to plead guilty the prosecutor would seek a new indictment that included enhancement counts. Appellant contends that the prosecutor's conduct was vindictive and therefore improper. The question raised by appellant was presented to the Supreme Court in *Bordenkircher v. Hayes*, 434 U.S. 357, 98 S.Ct. 357, 54 L.Ed.2d 604 (1978), and the Court answered the question adverse to appellant's contention. This ground of error is overruled.

In his fourth ground of error, appellant contends that the trial court erred in overruling his motion to suppress the two felony convictions relying on the judgment in Cause No. 6505–B because this judgment was void. As explained in appellant's second ground of error, the judgment was not void. This ground of error is overruled.

In his fifth, sixth, and seventh grounds of error, appellant contends that the trial court erred in admitting into evidence State's Exhibit Nos. 13, 14, and 19. Appellant claims that these three items were obtained as a result of an illegal search and seizure.

State's Exhibit Nos. 13 and 14 were photographs of the underside of appellant's car. These photographs showed dark spots that allegedly were blood. State's Exhibit No. 19 was a sample scraped from appellant's car. This sample was later shown to be blood that was consistent with the blood of the child allegedly struck by appellant's car.

Assuming that these three items of evidence were the fruit of an illegal search and seizure, we nevertheless conclude that the error in their admission was harmless beyond a reasonable doubt. This evidence was incriminating in that it tended to show that appellant's car was the same car that struck the child, and it also tended to show that the child was seriously injured. There was a substantial quantity of other evidence, however, that tended to establish the identical facts.

Dolores Ann Fugitt testified that the child was hit by a black and white Ford. Before this car left the scene of the accident, Fugitt was able to get the number of the license plate. She further testified that this information was communicated to the police. When a police officer ran a registration check on the license number, he found that it was registered in appellant's name.

Greg H. Burke testified that he was at the scene of the accident, and he identified appellant as the driver of the car that struck the child. Burke also identified State's Exhibit No. 10 as a photograph of the car that struck the child. This exhibit was a photograph of appellant's car.

Judy Guerra also was at the scene of the accident, and she was able to get the first letter and the three numbers of the license plate of the car that struck the child. This letter and these numbers were identical to those on the license plate of appellant's car.

Approximately one hour after the accident a Dallas police officer observed appellant's car parked across the street from a bar. B. J. Martin, a police officer, testified that he looked under appellant's car before it was impounded by the police, and he saw spots that he believed to be blood.

Based on the foregoing evidence, we hold that any error in the admission of State's Exhibit Nos. 13, 14, and 19 was harmless beyond a reasonable doubt.

In his eighth ground of error, appellant contends that the trial court erred in denying his motion to quash the indictment because the indictment was duplicitous. Appellant claims that the indictment alleges three offenses in one count by alleging the following: (1) failure to give name, (2) failure to give address, and (3) failure to give the registration number of the vehicle. A reading of the statute reveals that it requires all three items of information to be given. *See* Article 6701d, §§ 38 and 40, V.A.C.S. Thus, contrary to appellant's contention, the indictment alleges only one offense and is not duplicitous. This ground of error is overruled.

The judgment is affirmed.