**Gene Autry JONES, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 3–88–198–CR.**

Court of Appeals of Texas, Austin.

Dec. 14, 1988.

Robert Gradel, Lampasas, for appellant.

Arthur C. Eads, Dist. Atty., James T. Russell, Administrative Asst., Belton, for appellee.

Before POWERS, GAMMAGE and ABOUSSIE, JJ.

PER CURIAM.

Pursuant to a plea bargain agreement, appellant pleaded guilty and judicially confessed to driving while intoxicated, third offense. Tex.Rev.Civ.Stat.Ann. art. 6701*l* –1 (Supp.1988). Appellant also pleaded true to enhancement paragraphs alleging previous felony convictions for murder and assault. In accord with the agreement, the court assessed punishment at imprisonment for twenty-five years.

In his only point of error, appellant contends the district court erred in overruling his written motion to quash the enhancement paragraphs. Before discussing the merits of this contention, this Court must address the State's assertion that this appeal was not perfected and therefore must be dismissed.

The State's contention is based on Tex.R.App.P.Ann. 40(b)(1) (Supp.1988), which states that

> if the judgment was rendered upon [the defendant's] plea of guilty ... and the punishment assessed does not exceed the punishment recommended by the prosecutor and agreed to by the defendant and his attorney, in order to prosecute an appeal for a nonjurisdictional defect or error that occurred prior to entry of the plea the notice [of appeal] shall state that the trial court granted permission to ap-

peal or shall specify that those matters were raised by written motion and ruled on before trial.

Although the matter appellant appeals was raised by written motion and ruled on before trial, his notice of appeal did not so state. However, appellant promptly filed an amended notice of appeal fully complying with Rule 40 after the State pointed out this procedural default in its brief.

Texas R.App.P.Ann. 83 (Supp.1988) provides that

A judgment shall not be affirmed or reversed or an appeal dismissed for defects or irregularities, in appellate procedure, either of form or substance, without allowing a reasonable time to correct or amend such defects or irregularities....

In the instant cause, appellant promptly corrected the defect in procedure after it was called to his attention. The appeal is properly before this Court. *Contra Vance v. State,* No. 10–87–130–CR, Tex.App.— Waco, April 21, 1988 (not yet reported).

■ We emphasize that this case is distinguishable from one in which the defendant completely fails to file a written notice of appeal. Rule 83 may be employed to correct a defect in the written notice of appeal, but cannot and should not be used to excuse the failure to file any notice whatsoever. *Robertson v. State,* 760 S.W.2d 836 (Tex.App.—Austin, 1988). *See also Shute v. State,* 744 S.W.2d 96 (Tex.Cr.App. 1988). This view is in accord with the practice under former Tex.R.Civ.P. 437, from which Rule 83 is derived. *Compare Woods Exploration & Producing Co. v. Arkla Equipment Co.,* 528 S.W.2d 568 (Tex.1975) *with Texas Animal Health Comm'n v. Nunley,* 598 S.W.2d 233 (Tex. 1980).

■ Turning to appellant's point of error, he argues that Tex.Pen.Code Ann. § 12.42 (1974 and Supp.1988), the general felony enhancement statute, may not be applied in a prosecution for an offense, such as driving while intoxicated, for which the punishment has not been classified in accordance with the Penal Code. As authority, appellant cites the opinion of the First Court of Appeals in *Childress v. State,* 756 S.W.2d 11 (Tex.App.1988, pet. filed).[1]

Texas Pen.Code Ann. § 1.03(b) (1974) reads:

The provisions of Titles 1, 2, and 3 of this code apply to offenses defined by other laws, unless the statute defining the offense provides otherwise; however, the punishment affixed to an offense defined outside this code shall be applicable unless the punishment is classified in accordance with this code.

Applying this section, we see that Titles 1, 2, and 3 of the Penal Code apply to the offense of driving while intoxicated because art. 6701*l*–1 does not provide otherwise. However, art. 6701*l*–1 does not classify the offenses defined therein in the terms employed in Tex.Pen.Code Ann. §§ 12.03 and 12.04 (1974), but instead employs a punishment scheme based on the defendant's previous D.W.I. convictions and other circumstances surrounding the offense. Thus, subchapters B and C of Title 3 of the Penal Code (§§ 12.21–12.34), specifying ordinary misdemeanor and felony punishments, are not applicable in prosecutions for driving while intoxicated.

Unlike the court in *Childress,* we do not read § 1.03(b) as prohibiting the application of subchapter D of Title 3 (§§ 12.41–12.46), dealing with exceptional sentences, in prosecutions for offenses whose ordinary punishments are not classified according to §§ 12.03 and 12.04. In our opinion, "the punishment affixed to an offense" is the ordinary punishment specified by the statute defining the offense. The exceptional punishments provided for in subchapter D are not affixed to any particular offense, but apply in any case when the appropriate

---

1. In *Seaton v. State,* 718 S.W.2d 870 (Tex.App. 1986, no pet.), this Court held that the punishment for driving while intoxicated, third offense, could be enhanced pursuant to § 12.42 by proof of previous convictions for other felony offenses. However, the contention raised and rejected in that case was that art. 6701*l*–1(e) is a "special enhancement provision" which excludes all other enhancement schemes. The argument advanced by appellant in the instant cause was not presented to us in *Seaton.*

circumstances exist. The enhanced punishments specified by § 12.42, at issue in this cause, attach to the *defendant* based on his status as a repeat or habitual offender without regard to the offense for which he stands convicted.

The *Childress* court relied on the opinion in *Gutierrez v. State*, 628 S.W.2d 57 (Tex. Cr.App.1980). *Gutierrez* was a prosecution for possession of heroin, which was classified as a second degree felony by the Controlled Substance Act. Tex.Rev.Civ. Stat.Ann. 4476–15, §§ 4.01, 4.02, 4.04 (1976), then in effect. Punishment in the case was enhanced pursuant to § 12.42(b) by proof of a previous felony conviction. On appeal, the defendant argued that punishment should have been enhanced pursuant to § 12.42(a) because, under Tex.Pen. Code Ann. § 12.41(1) (1974) convictions for felony offenses defined outside the Penal Code are third-degree felonies for purpose of enhancement. The Court of Criminal Appeals rejected this argument as follows:

> We do not agree with appellant's interpretation of this provision. Section 12.41 applies only to Subchapter D concerning exceptional sentences. Thus, when Section 12.42 refers to a conviction, it does not refer to the primary conviction which will be enhanced, but rather is limited to the convictions which will be used for enhancement purposes. Section 12.41 applies only to the enhancing conviction. To determine whether the primary offense defined outside the Texas Penal Code is punishable under this chapter, one must look to V.T.C.A. Penal Code, Section 1.03(b).... Section 12.41 is within Title 3 of the penal Code [sic] and the punishment for possession of heroin is classified in accordance with the Penal Code. Thus, as noted earlier, the offense may be enhanced. The second degree felony was properly enhanced to a first-degree felony. The appellant's ground of error is without merit. See Practice Commentary, Searcy and Patterson, V.T. C.A. Penal Code, Sec. 12.41. Also, see *Moreno v. State*, 541 S.W.2d 170 (Tex.Cr.

App.1976); *Passmore v. State*, 544 S.W. 2d 399 (Tex.Cr.App.1976).

628 S.W.2d at 61.

The reasoning employed by the court in *Gutierrez* conflicts with the reasoning it employed seven months earlier in *Platter v. State*, 600 S.W.2d 803 (Tex.Cr.App.1980). In *Platter*, the defendant was convicted of failing to stop and render aid. Tex.Rev. Civ.Stat.Ann. art. 6701d, §§ 38 and 40 (1977 and Supp.1988). Punishment was enhanced by proof of a previous felony conviction. Rejecting the defendant's argument that § 12.42 could not be applied in this case, and that the enhancement paragraph should have been quashed, the court stated:

> V.T.C.A. Penal Code, § 1.03(b) provides in part that Titles 1–3 of the Penal Code "apply to offenses defined by other laws, unless the statute defining the offense provides otherwise." The statute defining the offense of failure to remain at the scene of a motor vehicle accident and give required information does not provide otherwise with respect to enhancement. This statute has its own penalty provision, but it does not speak to the question of enhancement. Under V.T.C. A. Penal Code, § 12.41(1), the offense of failure to remain at the scene of a motor vehicle accident and give required information is classified as a felony of the third degree. V.T.C.A. Penal Code, § 12.42, which pertains to enhancement and is found in Title 3 of the Penal Code, applies to the offense of failure to remain at the scene of a motor vehicle accident and give required information. See *Young v. State*, 552 S.W.2d 441 (Tex. Cr.App.1977). We therefore conclude that it was not improper to enhance this offense, and the trial court did not err in refusing to quash the indictment.

600 S.W.2d at 805.

This Court's interpretation of the relevant statutes is in accord with that employed in *Platter*. Until the conflict between *Gutierrez* and *Platter* is resolved by the Court of Criminal Appeals, this Court will be guided by the latter.[2]

---

2. This does not mean that we disagree with the result in *Gutierrez*. Because the primary felony

Punishment for driving while intoxicated, third offense, may be enhanced pursuant to § 12.42 by proof of one or more previous convictions for a felony offense other than driving while intoxicated. *Platter v. State, supra; Seaton v. State, supra* fn. 1. The district court did not err in overruling the motion to quash the enhancement paragraphs.

The judgment of conviction is affirmed.

Terrey Cobb, Austin, for appellant.

Ronald Earle, Dist. Atty., Howard F. Meyer, Asst. Dist. Atty., Austin, for appellee.

Before SHANNON, C.J., and CARROLL and JONES, JJ.

offense in that case was classified in the terms utilized by the Penal Code, reference to § 12.41(1) was unnecessary in order to apply § 12.42. Section 12.41(1) must be applied only where the statute defining the primary felony conviction does not utilize the Penal Code punishment classifications. This is explained in the practice commentary as follows:

> If the prosecution is for an offense classified in accordance with this code, this section is necessary only for misdemeanor enhancement, since felony enhancement does not de-

pend on the grade of the prior felony, see section 12.42. In a prosecution for an offense defined outside this code and not classified in accordance with this code, however, this section is necessary to determine applicability of both the felony and the misdemeanor enhancement provisions.

Searcy and Patterson, Practice Commentary, 1 Tex.Pen.Code Ann. 412 (1974). For this reason, the defendant's point of error was without merit.