TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-97-00670-CR






Nobie Jeanine Montgomery, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF BURNET COUNTY, 33RD JUDICIAL DISTRICT


NO. 7684, HONORABLE CHARLES J. HEARN, JUDGE PRESIDING







 Appellant Nobie Jeanine Montgomery was convicted of the offense of unlawful
possession of marihuana in a usable quantity of five pounds or less, but more than four ounces. 
See Tex. Health & Safety Code Ann. § 481.121(a), (b)(3) (West Supp. 1999). (1) Appellant's
indictment included two enhancement counts, which the jury found to be true, and she was
sentenced to 99 years' imprisonment. On appeal, appellant asserts four points of error: (1) the
trial court improperly accepted the State's challenge for cause of a juror; (2) the evidence is legally
insufficient to sustain the conviction; (3) the evidence is factually insufficient to sustain the
conviction; and (4) the indictment was improperly enhanced due to prosecutorial vindictiveness. 
We will affirm the conviction.

FACTUAL AND PROCEDURAL BACKGROUND


 On April 17, 1994, the Narcotics Enforcement Team ("NET") for the 33rd Judicial
District placed a series of signs along Highway 281 just south of Marble Falls, Texas, and just
inside the Burnet County line. These signs were visible to both north- and south-bound traffic and
read "Narcotics Checkpoint Ahead," "Be Prepared to Stop." The center sign read "Checkpoint
Closed." An NET officer was assigned as a "spotter" to observe vehicles whose occupants
discarded contraband or illegal items on the side of the road or who turned around to avoid the
checkpoint. The spotter saw a car traveling north-bound and driven by appellant pull off the
highway and stop. A male passenger, later identified to be appellant's husband, Richard
Montgomery, stepped out of the vehicle and discarded a package next to a tree. NET officers
further down the road were notified by radio to detain the Montgomery vehicle until the package's
contents could be determined. After officers verified that the package contained marihuana (over
two pounds), the Montgomerys were arrested.

 The officer who witnessed the package being discarded did not see appellant touch
the contraband itself. No fingerprints were taken from the package. A drug dog was brought to
the scene, and it "alerted" on the outside of the vehicle and on a purse inside the vehicle
containing appellant's identification. No scientific analysis was performed on the purse. No other
contraband was found inside the car or on appellant's person.

 Prior to trial, the State amended appellant's indictment by adding two enhancement
counts. Appellant challenged the enhancements, claiming that they were the product of
prosecutorial vindictiveness because she refused to aid the prosecution in an ethics investigation
of her trial lawyer, who was running for district attorney against the local incumbent. Following
a pre-trial hearing, appellant's motion was overruled, with the trial court finding that appellant had
not accepted a plea bargain and that the indictment was not improperly enhanced. The jury found
appellant guilty of the charged offense, found the two enhancement counts to be true, and
sentenced her to 99 years in the Institutional Division of the Texas Department of Criminal Justice. 
Appellant perfected this appeal.


DISCUSSION


 In her first point of error, appellant claims the trial court erred by erroneously
granting the State a challenge for cause that excused a prospective juror for vacillating and
equivocal remarks. Because the State had used all ten peremptory strikes, appellant complains that
the effect of the alleged error was to give the State an extra strike that was not equalized by giving
appellant an extra strike. Smith v. State, 859 S.W.2d 463, 464 (Tex. App.--Fort Worth 1993,
pet. ref'd). The court of criminal appeals recently rejected this argument in Jones v. State, No.
72,135, slip op. at 13 (Tex. Crim. App. Sept. 16, 1998), overruling its holding in Payton v. State,
572 S.W.2d 677 (Tex. Crim. App. 1978), that a conviction will be reversed when a juror was
erroneously excused and the State used all its peremptory challenges. Instead, the Jones court
returned to its previous rule that the erroneous excusing of a veniremember will call for reversal
only if the record shows that the error deprived the defendant of a lawfully constituted jury. See
id. Appellant has made no showing that she was so deprived; therefore, her first point of error
is overruled.

 In her fourth point of error, appellant contends her indictment was improperly
enhanced due to prosecutorial vindictiveness. Prior to trial, appellant's lawyer was under
investigation by the Attorney General's office for allegations of perjury and tampering with
evidence. (2) Appellant claims that because she refused to assist in this investigation, the
prosecution, in an act of retaliation and vindictiveness, added two enhancement counts to her
indictment. Appellant argues that before the addition of the enhancements, she had accepted a plea
bargain offer capping her potential sentence at 10 years, and that the State reneged on its bargain
by later adding the enhancements to her indictment. The enhancements permitted the jury to
sentence appellant to between 25 to 99 years rather than the unenhanced range of 2 to 10 years.

 The United States Supreme Court addressed prosecutorial vindictiveness in
Bordenkircher v. Hayes, 434 U.S. 357, 363 (1978), holding that in the "give and take" of plea
bargaining, there is no retaliation so long as the accused is free to accept or reject the
prosecution's offer. See also Platter v. State, 600 S.W.2d 803, 805-06 (Tex. Crim. App. 1980)
(no prosecutorial vindictiveness shown by prosecutor who sought new indictment that included
enhancement counts following appellant's rejection of pre-trial offer). Appellant contends that her
case is distinguishable because, unlike Bordenkircher and Platter, where the enhancements were
added after defendant rejected the State's plea bargain offer, the State here reneged on its
agreement after she had already accepted the bargain. Appellant's distinction is without
significance. First, it is not clear from the record that a plea bargain was in fact offered and
accepted. The trial court, after a full hearing, found that a plea offer was not accepted by
appellant. The record contains evidence supporting this finding. Second, even if an agreement
was reached between the prosecution and defense, as appellant claims, a plea bargain is not
"entered into" and binding until it is accepted by the trial court. Wilson v. State, 689 S.W.2d 311,
314 (Tex. App.--Fort Worth 1985, pet. ref'd) (citing Ex parte Williams, 637 S.W.2d 943 (Tex.
Crim. App. 1982)). No acceptance by the trial court occurred here; therefore, neither the State
nor appellant was ever bound by the purported plea agreement. Appellant's fourth point of error
is overruled.

 In points of error two and three, respectively, appellant complains that the evidence
was legally and factually insufficient. When both factual and legal sufficiency points of error are
raised, this Court must first examine the legal sufficiency of the evidence. Orona v. State, 836
S.W.2d 319, 321 (Tex. App.--Austin 1992, no pet.). In determining the legal sufficiency of the
evidence to support a criminal conviction, the question is whether, after viewing all the evidence
in the light most favorable to the verdict, any rational trier of fact could have found the essential
elements of the offense beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307 (1979);
Geesa v. State, 820 S.W.2d 154 (Tex. Crim. App. 1991); Griffin v. State, 614 S.W.2d 155 (Tex.
Crim. App. 1981). The standard of review is the same for both direct and circumstantial evidence
cases. Green v. State, 840 S.W.2d 394, 401 (Tex. Crim. App. 1992).

 To convict appellant of unlawful possession of a controlled substance, the State
must prove that she exercised actual care, control, and management over the contraband and that
she knew the substance in her possession was contraband. King v. State, 895 S.W.2d 701, 703
(Tex. Crim. App. 1995). The mere presence of the accused at a place where contraband is found
is insufficient to establish possession of a controlled substance. McGoldrick v. State, 682 S.W.2d
573, 578-79 (Tex. Crim. App. 1985); Oaks v. State, 642 S.W.2d 174, 177 (Tex. Crim. App.
1982); Randle v. State, 828 S.W.2d 315, 317 (Tex. App.--Austin 1992, no pet.). When the
controlled substance is not found on the person of the accused or in her exclusive possession, the
State must present evidence affirmatively linking the accused to the contraband, and that evidence
must rise to the requisite level of confidence that the accused's connection with the drug was more
than fortuitous. Brown v. State, 911 S.W.2d 744, 746-47 (Tex. Crim. App. 1995); Martinets v.
State, 884 S.W.2d 185, 187-88 (Tex. App.--Austin 1994, no pet.).

 Various factors have been articulated as a means to determine what constitutes an
affirmative link such that the accused's connection to the contraband meets the elements of
intentional and knowing. See Whitworth v. State, 808 S.W.2d 566, 569 (Tex. App.--Austin 1991,
pet. ref'd); Trejo v. State, 766 S.W.2d 381, 384-85 (Tex. App.--Austin 1989, no pet.); see also
Nixon v. State, 928 S.W.2d 212, 215 (Tex. App.--Beaumont 1996, no pet.). Among the relevant
factors are the following: (1) if the accused is the owner of or has the right to possess the place
the contraband was found; (2) if the accused is the driver of the automobile in which the
contraband is found; (3) if a strong odor of marihuana is present; (4) if the place the contraband
is found is enclosed; (5) if the contraband is in close proximity and conveniently accessible to the
accused; (6) if the amount of contraband found is large enough to indicate the accused knew of its
existence; and (7) if the accused makes incriminating statements when arrested indicating a
consciousness of guilt.

 In the present case, appellant was the owner and driver of the car in which the
contraband was found. There was a strong odor of marihuana that could be smelled from outside
of the car even after the marihuana had been removed. The drug dog alerted on appellant's purse
indicating that the odor of marihuana was present on her purse. Appellant's purse was found on
the passenger-side floor. Although the purse was not sent for scientific analysis, the evidence
supports an inference that the marihuana had been beside appellant's purse. Given the car's
enclosed space, the large amount (two bricks) of marihuana, and the odor on appellant's purse,
the jury could have reasonably concluded that the marihuana had been next to appellant's purse
on the passenger-side floor and was therefore within close proximity and conveniently accessible
to appellant. The amount of marihuana (over two pounds) was large enough to raise an inference
that appellant knew of its existence. Upon being arrested, appellant said to an officer, "You know
me. Can you cut me a break?" Following the officer's reply that she would have to make her own
breaks, appellant stated, "I don't know where he got it." The jury could have reasonably
concluded that appellant's comments indicated a consciousness of guilt.

 We also find significant the fact that the passenger in appellant's car seen by NET
officers disposing of the marihuana was appellant's husband and not a stranger or mere
acquaintance. Their special relationship lends credence to the inference that appellant's connection
with the marihuana was more than just fortuitous. Taken alone, that special relationship may be
insufficient to establish appellant's knowledge of the package's contents, but when viewed with
other factors, a reasonable person could find it persuasive. It is worth noting that the number of
factors present is less important than the logical force of those factors, alone or in combination,
in establishing the element of the offense. Martinets, 884 S.W.2d at 188; Whitworth, 808 S.W.2d
at 569; Trejo, 766 S.W.2d at 385.

 Appellant points out that other relevant factors were not present: (1) she was not
seen touching the package; (2) the package containing the marijuana was opaque; (3) no
fingerprints were taken from the package; (4) appellant did not demonstrate any signs of having
been under the influence of a controlled substance; and (5) no drugs were found on her person or
in her purse. As for appellant's remarks to the peace officer following her arrest, appellant argues
that no one testified that she at any point indicated that she knew the substance was contraband or
that she in any way claimed custody or control of the contraband.

 Although the record could be read to support appellant's assertions, the evidence
is not rendered insufficient merely because the defendant presents a different version of the events. 
Turro v. State, 867 S.W.2d 43, 47 (Tex. Crim. App. 1993). Further, the State is no longer
required to negate every reasonable hypothesis except the defendant's guilt that is raised by the
evidence. Geesa v. State, 820 S.W.2d 154, 158 (Tex. Crim. App. 1991). Appellant likens her
case to that of Meyers v. State, 665 S.W.2d 590 (Tex. App.--Corpus Christi 1984, pet. ref'd),
in which the court of appeals reversed the accused's conviction, holding that the State merely
established a link between the accused and the apartment where the contraband was found rather
than to the contraband itself. We disagree with appellant's analogy. Although the evidence here
is far from overwhelming, we conclude that the State proved more than appellant's mere presence
and that the evidence was sufficient to link appellant to the marijuana. Point of error number two
is overruled.

 A factual-sufficiency review begins with the presumption that the evidence
supporting the judgment was legally sufficient. See Clewis v. State, 922 S.W.2d 126, 134 (Tex.
Crim. App. 1996). When conducting a factual-sufficiency review, we do not view the evidence
in the light most favorable to the verdict. Instead, we consider all the evidence equally, including
the testimony of defense witnesses and the existence of alternative hypotheses. Orona, 836
S.W.2d at 319. We will set aside a verdict for factual insufficiency only if it is so contrary to the
overwhelming weight of the evidence as to be clearly wrong and unjust. Clewis, 922 S.W.2d at
129; Stone v. State, 823 S.W.2d 375, 381 (Tex. App.--Austin 1992, pet. ref'd as untimely filed).

 The evidence contested under point of error number two is also contested here. 
While appellant presented the jury with the alternative explanation that she was unaware that the
package contained contraband by pointing to certain missing affirmative links, the jury chose to
disregard her explanation. "The jury may use common sense and apply common knowledge,
observation, and experience gained in the ordinary affairs of life when giving effect to the
inferences that may reasonably be drawn from the evidence." Wallace v. State, 955 S.W.2d 148,
151 (Tex. App.--Beaumont 1997, no pet.). We hold that the verdict was not so against the great
weight of the evidence as to be clearly wrong and unjust. Appellant's third point of error is
overruled.


CONCLUSION


 Having overruled all of appellant's points of error, we affirm the trial court's
judgment of conviction.



 

 J. Woodfin Jones, Justice

Before Justices Jones, B. A. Smith and Dally*

Affirmed

Filed: December 3, 1998

Do Not Publish









* Before Carl E. F. Dally, Judge (retired), Court of Criminal Appeals, sitting by assignment. 
See Tex. Gov't Code Ann. § 74.003(b) (West 1998).
1. For the version of subsection (b)(3) in effect at the time of the offense, see Tex. Health &
Safety Code, 71st Leg., R.S., ch. 678, sec. 1, § 481.121(b)(3), 1989 Tex. Gen. Laws 2230, 2239
(Tex. Health & Safety Code § 481.121(b)(3), since amended).
2. Following the investigation, no action was taken against appellant's lawyer with respect to
such allegations.



influence of a controlled substance; and (5) no drugs were found on her person or
in her purse. As for appellant's remarks to the peace officer following her arrest, appellant argues
that no one testified that she at any point indicated that she knew the substance was contraband or
that she in any way claimed custody or control of the contraband.

 Although the record could be read to support appellant's assertions, the evidence
is not rendered insufficient merely because the defendant presents a different version of the events. 
Turro v. State, 867 S.W.2d 43, 47 (Tex. Crim. App. 1993). Further, the State