# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-04-00582-CR

**Scott Washington, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 403RD JUDICIAL DISTRICT
### NO. 9044047, HONORABLE WILLIAM E. BENDER, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

A jury found appellant Scott Washington guilty of delivering less than one gram of cocaine and assessed punishment, enhanced by two previous felony convictions, at imprisonment for seventeen years. *See* Tex. Health & Safety Code Ann. § 481.112 (West 2003). Washington urges that he was the victim of prosecutorial vindictiveness when he was reindicted after declining the State's plea offer. He also asserts that the court erred by permitting the jury to assess punishment in excess of ten years. We will overrule these contentions and affirm the conviction.

Delivery of less than a gram of cocaine is, in itself, a state jail felony. *Id.* § 481.112(b). The first indictment for this offense, in cause number 3-03-2495, alleged that Washington had a previous conviction for burglary of a habitation, but this earlier conviction could not alone support an enhanced punishment for the primary offense. *See* Tex. Pen. Code Ann. § 12.35(c) (West 2003). Washington declined an offer of six months in state jail in exchange for a

guilty plea in cause number 3-03-2495. Thereafter, he was reindicted in present cause number 9-04-4047. The new indictment alleged multiple sequential felony convictions so as to invoke the habitual offender statute and open Washington to punishment for a second degree felony. *See id.* § 12.42(a)(2) (West Supp. 2005).

Washington contends that it was unconstitutional prosecutorial misconduct to reindict him after he declined the plea bargain offer. He relies on the opinion in *Blackledge v. Perry*, 417 U.S. 21, 28-29 (1974), in which it was held that due process is violated when the government brings a more serious charge against a defendant in response to the defendant's invocation of his right to appeal de novo. The instant cause does not involve a reindictment following an appeal de novo or of any other sort of appeal, and *Perry* is not on point. Instead, this cause is governed by the opinion in *Bordenkircher v. Hayes*, 434 U.S. 357, 365 (1978), in which it was held that a prosecutor did not violate the defendant's due process rights by obtaining a habitual offender indictment after the defendant refused to plead guilty to the original unenhanced indictment. *See also Garza v. State*, 622 S.W.2d 85, 93 (Tex. Crim. App. 1981) (following *Hayes*); *Platter v. State*, 600 S.W.2d 803, 805-06 (Tex. Crim. App. 1980) (same). The decision whether to prosecute a defendant as a habitual offender rests within the discretion of the prosecutor, and that discretion is not unconstitutionally abused by using the threat of enhanced punishment to persuade a defendant to forego his right to plead not guilty. *Hayes*, 434 U.S. at 364. Point of error two is overruled.

In April 2004, after the new indictment was returned in cause number 9-04-4047, Washington was brought before the court with counsel and given one last opportunity to accept the

2

six-month state jail plea offer, which he again declined.[1] During this brief proceeding, the court told Washington that under the new indictment, the offense was potentially punishable as a third degree felony carrying a prison term of two to ten years. This was incorrect. In fact, the enhancement allegations, if proved, would elevate the offense to a second degree felony punishable by a prison term of two to twenty years. *See* Tex. Pen. Code Ann. § 12.42(a)(2) (West Supp. 2005). Washington argues that because of this error, the trial court should have limited the jury's punishment discretion to a range of two to ten years. In the course of this argument, he urges that his decision to plead not guilty was not knowingly and voluntarily made as a result of the improper admonishment.

Washington cites no authority holding that a defendant must be correctly admonished regarding the range of punishment before he can knowingly and voluntarily plead not guilty. In fact, an admonishment regarding the punishment range is not constitutionally required even in the case of a plea of guilty. *Aguirre-Mata v. State*, 125 S.W.3d 473, 476 (Tex. Crim. App. 2003). The admonishment statute, article 26.13, does not apply to pleas of not guilty. Tex. Code Crim. Proc. Ann. art. 26.13 (West Supp. 2005); *Hawkins v. State*, 660 S.W.2d 65, 78 (Tex. Crim. App. 1983).

Washington does not claim that he would have accepted the State's plea bargain offer and pleaded guilty if he had been properly admonished regarding the range of punishment at the April 2004 proceeding. Moreover, the record reflects that before Washington entered his plea at his July 2004 trial, he was correctly admonished outside the jury's presence regarding the range of punishment. He expressed no surprise when told that the offense would be punished as a second

---

[1] The Honorable Brenda Kennedy presided at this proceeding.

3

degree felony if the enhancement allegations were proved. To the contrary, he stated that he understood this and intended to plead not guilty. Although Washington now urges that the court erred by submitting the second degree felony range of punishment to the jury, he voiced no trial objection to the punishment charge and he does not argue that this range of punishment was not shown to be applicable. Finding no error, we overrule point of error one.

The judgment of conviction is affirmed.

_____

Bea Ann Smith, Justice

Before Justices B. A. Smith, Puryear and Pemberton

Affirmed

Filed: May 11, 2006

Do Not Publish