

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-14-00129-CR

CHARLES RIBBLE                                                    APPELLANT

V.

THE STATE OF TEXAS                                               STATE

----------

FROM THE 297TH DISTRICT COURT OF TARRANT COUNTY
TRIAL COURT NO. 1314217D

----------

## MEMORANDUM OPINION[1]

----------

In one issue, Appellant Charles Ribble asserts that the trial court erred by denying his motion to quash the indictment.  We affirm.

In 1986, a Wichita county grand jury indicted Ribble for kidnapping his wife "with intent to violate and abuse her sexually."  Ribble pled guilty to aggravated

---

[1]*See* Tex. R. App. P. 47.4.

kidnapping and was sentenced to five years' confinement. Ribble was released from prison and then from supervision in August 1991.

In March 2013, a Tarrant County grand jury indicted Ribble for the offense of failure to register as a sex offender, based on his 1986 conviction. Ribble filed a Motion to Quash and Exception to Substance of Indictment claiming that the 2013 indictment did not allege a "reportable conviction."

The trial court denied the motion to quash, and Ribble entered a plea of guilty, based upon written plea admonishments, with leave to appeal the denial of the motion to quash. The trial court sentenced Ribble to twenty years' confinement, in accordance with the plea bargain agreement.[2]

The standard of review for assessing a trial court's ruling on a motion to quash turns on which judicial actor is in the best position to determine the issue in controversy. *See Guzman v. State*, 955 S.W.2d 85, 87 (Tex. Crim. App. 1997). Questions of law—such as the sufficiency of an indictment or the constitutionality of a statute—are reviewed de novo because neither the trial court nor the reviewing court occupies an appreciably better position than the other to decide the issue, whereas rulings that turn on evaluations of witness credibility and demeanor are reviewed for an abuse of discretion because the appellate court—deciding the issue from a cold record—is in an appreciably weaker position than the trial court. *See State v. Moff*, 154 S.W.3d 599, 601

---

[2]Ribble's plea included a plea of true to an enhancement paragraph, which was the felony repeat offender notice.

(Tex. Crim. App. 2004); *Guzman*, 955 S.W.2d at 89; *Ahmad v. State*, 295 S.W.3d 731, 739 (Tex. App.—Fort Worth 2009, pet. ref'd) (op. on reh'g); *cf. Lawrence v. State,* 240 S.W.3d 912, 915 (Tex. Crim. App. 2007) (applying de novo review to decide constitutionality of statute challenged in motion to quash), *cert. denied,* 553 U.S. 1007, 128 S. Ct. 2056, (2008).  Here, Ribble challenges the sufficiency of the indictment.  Therefore, we review the motion to quash de novo.

Ribble argues that the indictment does not contain a reportable conviction that requires Ribble to register as a sex offender, and therefore, he committed no crime.  Specifically, Ribble contends that the offense of aggravated kidnapping is a reportable conviction only if it is under penal code section 29.04(a)(4).[3]  It appears that he is arguing that because the 1986 judgment lists the offense simply as "aggravating kidnapping" that under article 62 an affirmative finding must be included in the judgment to establish the offense as a reportable conviction.[4]

---

[3]This section of the penal code states that "[a] person commits [the offense of aggravated kidnapping] if he intentionally or knowingly abducts another person with the intent to inflict bodily injury on him or violate or abuse him sexually.  Tex. Penal Code Ann. § 20.04(a)(4) (West 2011).

[4]Ribble states in his brief that "[n]either the papers in the prior conviction alleged herein nor the judgment in this case reflect or contain any *affirmative findings* therein so as to come within the purview of Section 5(E) of Article 62.001 of the Code."

According to article 62.001(5)(E), on which Ribble relies to support his argument, aggravated kidnapping under penal code section 20.04 is a reportable conviction "*if*, *as applicable*, the judgment in the case contains an affirmative finding under Article 42.015." Tex. Crim. Proc. Code Ann. art. 62.001(5)(E)(i) (West 2006 & Supp. 2014) (emphasis added). Article 42.015 applies to offenses involving victims under the age of fourteen or seventeen.[5] Because the 1986 conviction did not involve allegations of kidnapping a victim under the age of fourteen or seventeen, the affirmative finding requirements of article 42.015 are not applicable.

The sexual offender registry law requires anyone with a reportable conviction or adjudication to register as a sex offender. Tex. Crim. Proc. Code Ann. art. 62.051 (West 2006 & Supp. 2014). The code lists several offenses that are "reportable convictions," including aggravated kidnapping "if the actor committed the offense or engaged in the conduct with intent to violate or abuse the victim sexually." Tex. Crim. Proc. Code Ann. art. 62.001(5)(C) (West 2006 & Supp. 2014).

Read together, the indictment and the judgment were sufficient to support the allegations in the 2013 indictment. While the 1986 judgment listed the offense as "aggravated kidnapping" and did not give details or specify under

---

[5]Article 42.015 is entitled "Finding of Age of Victim," and it states that if the judge determines the age of the victim to be under seventeen or fourteen years of age, he must make an affirmative finding as such in the judgment. Tex. Crim. Proc. Ann. art. 42.015 (West 2006 & Supp. 2014).

which provision in the statute the offense fell, the judgment did indicate that the State read the indictment to the defendant before the defendant pled guilty. The indictment stated that "Charles Lee Ribble . . . did then and there unlawfully and intentionally abduct Dena Ribble without her consent . . . by threatening to use deadly force . . . and with intent to violate and abuse her sexually." Reading the indictment and the judgment together, it is clear that Ribble's aggravated kidnapping conviction falls under article 62. *See Frazier v. State*, 159 Tex. Crim. 263, 265 S.W.2d 501, 502 (1953) (holding that "[s]ince the judgment referred to the information, the two may be read together").

Because Ribble's 1986 offense is a reportable conviction, the indictment was sufficient, and he was required to register as a sex offender pursuant to article 62 of the code of criminal procedure. We overrule his sole issue.

Having overruled Ribble's sole issue, we affirm the trial court's judgment.

/s/ Bonnie Sudderth
BONNIE SUDDERTH
JUSTICE

PANEL: GARDNER, WALKER, and SUDDERTH, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: March 26, 2015

5